**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **THOMAS ANDERSON,** *et al.,* | |
| Plaintiffs, | |
| v. | Case No. 23-989 |
| **UNITED AIRLINES, INC.,** *et al.,* | |
| Defendants. | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Defendant United Airlines, Inc. ("United") hereby removes and files this Notice of Removal of the above-captioned action to this Court. In support of this Notice, United provides this "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The grounds for removal are set forth below.

**CLAIMS ASSERTED IN THE COMPLAINT**

1. On January 19, 2023, Plaintiffs[1] filed suit against Defendants[2] in the Circuit Court of Cook County, Illinois, Case No. 2023L000571 ("State Court Action").

---

[1] "Plaintiffs" are the following individuals: Thomas Anderson, James Breitsprecher, Lora Bauer, Kevin Campbell, David Catala, James Curtis, Nicholas Decker, Aimee Doll, Tom Floyd, Kevin Hendershot, Thad Krupa, Kenneth Locke, Brenda Mallett, Brenda Marsden, Sylvia Fitch-McConnell, Michele Miller, John Morris, Carole O'Kobrick, Stephanie Pati, Frank Quintas, Paul Rozell, Darleen Shanley-Gilbert, Richard Sherlock, Randy Sikora, Charles Snyder, John Sullivan, Doug Turner, Rhett Wolff, James Zietlow, and Kevin Zwierko.

[2] "Defendants" are United and the following individuals: Scott Kirby, Brett J. Hart, Kate Gebo, Josh Earnst [sic], Gregory Hart, Linda JoJo, Gerald Laderman, Andrew Nocella, Janet Lamkin, Jonathan M. Roitman, John Slater, Torbjorn J. Enqvist, Theresa Fariello, Sasha Johnson, Bryan Quigley, Kirk Limacher, Edward M. Philip, Carolyn Corvi, Matthew Friend, Michael J. Hamilton, Michael Harrison, Barney Harford, Michele J. Hooper, Todd M. Insler, Walter Isaacson, Richard Johnsen, James A.C. Kennedy, Edward L. Shapiro, David J. Vitale, James M. Whitehurst, and Laysha Ward (the "Individual Defendants").

2. In the Complaint in the State Court Action, Plaintiffs seek to assert the following eleven causes of action arising out of the same case or controversy: (1) invasion of privacy (against all Defendants); (2) negligence (against all Defendants); (3) violation of the Illinois Whistleblower Act, 740 ILCS 174/20, *et seq.* (against all Defendants); (4) violation of Title VII, 42 U.S.C. § 2000e, *et seq.* for failure to accommodate (against United); (5) violation of Title VII, 42 U.S.C. § 2000e, *et seq.* for disparate treatment (against United); (6) violation of Title VII, 42 U.S.C. § 2000e, *et seq.* for a hostile work environment (against United); (7) violation of the Genetic Information Nondiscrimination Act (GINA), 42 U.S.C. § 2000ff-1(a)(1) and (a)(2) for genetic discrimination (against United); (8) violation of GINA, 42 U.S.C. § 2000ff-1(b) for acquisition of genetic information (against United); (9) violation of 42 U.S.C. § 1983, *et seq.* for violations of the U.S. Constitution, specifically, the right to privacy, equal protection and due process (against United); (10) intentional infliction of emotional distress (against all Defendants); and (11) negligent infliction of emotional distress (against all Defendants). *See* Compl. ¶¶ 186-321, Exhibit 1. According to the Complaint, these claims arise from "wrongful conduct [that] was predicated on Defendants' unlawful discrimination, harassment, and retaliation against Plaintiffs based on their requests for religious accommodations from Defendants' coronavirus vaccine mandate." Compl. ¶ 2.

## <u>COMPLIANCE WITH STATUTORY REQUIREMENTS</u>

3. Pursuant to 28 U.S.C. § 1446(a), a copy of the State Court Action docket and all pleadings, motions, and orders in the State Court Action are attached hereto as Exhibits 1-2.

4. This Notice is timely and within the thirty-day time period provided under 28 U.S.C. § 1446(b).

2

5. This Notice of Removal is properly filed in this District because the Circuit Court of Cook County, Illinois is located within the Eastern Division of the Northern District of Illinois. *See* 28 U.S.C. § 1441(a); N.D. Ill. L.R. 5.1.

6. No Defendant has been properly joined or served with the Complaint filed in the State Court Action. *See* 28 U.S.C. 1446(b) (explaining that only "defendants who have been properly joined and served must join in or consent to the removal of the action"); *Massey v. Cassens & Sons, Inc.*, No. 05-cv-598, 2006 WL 381943, at *1 (S.D. Ill. Feb. 16, 2006) ("[N]othing in 28 U.S.C. § 1441 or any other statute requires defendants to have been served themselves prior to removing a case to federal court.").

7. Promptly after filing this Notice, United will serve this Notice on Plaintiff's counsel of record in the State Court Action, and file a copy of this Notice with the Clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d).

8. Accordingly, the above-captioned action may properly be removed to this United States District Court pursuant to 28 U.S.C. § 1441(a).

## SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C § 1331
### (FEDERAL QUESTION)

9. Removal is proper under 28 U.S.C. §§ 1331 and 1441 based on federal question jurisdiction because the Complaint purports to assert claims against United under the U.S. Constitution and under several federal statutes. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 429 (7th Cir. 2009) (federal court has original jurisdiction where complaint alleges "a claim under a federal statute" and over U.S. Constitutional claims). Indeed, the majority of the causes of action in the Complaint "aris[e] under the Constitution [or] laws . . . of the United States." 28 U.S.C. § 1331. Counts 4 (Title VII), Count 5 (Title VII), Count 6 (Title VII), Count 7 (GINA), and Count 8 (GINA) each purport to assert a violation of a federal law. Count 9 (42 U.S.C. § 1983)

purports to assert a statutory violation and several violations of the U.S. Constitution, including denials of the right to privacy, equal protection and due process.

10. This Court has original jurisdiction over the State Court Action due to the federal claims asserted. It has supplemental jurisdiction over the state law claims, as "they form part of the same case or controversy." 28 U.S.C. § 1367(a); *See Hukic*, 588 F.3d at 429-430 (explaining a district court has subject-matter jurisdiction over state-law claims that "arise out of the same case or controversy" as the federal claims). Here, each state and federal claim is predicated on a common set of operative facts, namely, a COVID-19 vaccine and reasonable accommodation policy to which they object. *See* Compl. ¶ 2 ("This is an action for legal and equitable relief to redress Defendants' invasions of privacy, negligence, failure to accommodate, religious discrimination, creation of a hostile work environment, violations of the Genetic Information Non-Disclosure Act [sic] ("GINA") and otherwise wrongful conduct . . . . *Such wrongful conduct* was predicated on Defendants' unlawful discrimination, harassment, and retaliation against Plaintiffs *based* on their *requests for religious accommodations form Defendants' coronavirus vaccine mandate*"), *id.* ¶ 4 ("This lawsuit also seeks declaratory relief from the *Defendants' vaccine mandate . . . .*") (emphases added).

## <u>NO WAIVER OF RIGHTS</u>

11. By filing this Notice of Removal, United expressly reserves, and does not waive, any and all claims or defenses that may be available to it. United also does not concede, in any way, that the allegations in the Complaint are accurate, that United committed any of the violations of law alleged in the Complaint, that Plaintiffs have asserted any claims upon which relief can be granted, or that any recovery or relief is authorized or appropriate.

12.     If any question arises as to the propriety of removal to this Court, then United requests the opportunity to submit a brief in support of its position and to present oral argument.

**WHEREFORE**, United removes this action, now pending in Circuit Court of Cook County, Illinois, Case No. 2023L000571, to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: February 17, 2023

Respectfully submitted

/s/ *Jordan M. Matthews*
Jordan M. Matthews
jmatthews@jonesday.com
JONES DAY
110 N. Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585

Donald J. Munro (*pro hac vice forthcoming*)
dmunro@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

Alexander V. Maugeri (*pro hac vice forthcoming*)
amaugeri@jonesday.com
JONES DAY
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

*Attorneys for Defendant*
*United Airlines, Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2023, I electronically filed a true and correct copy of the foregoing with the Clerk of Court via CM/ECF, which will send notice of the same to all parties of record.  I further certify that I have furnished a true and correct copy of the foregoing to counsel for Plaintiff via electronic mail and U.S. Mail to the following address:

John M. Pierce, Esq.
John Pierce Law
21550 Oxnard Street, Third Floor PMB 172
Woodland Hills, CA 91367
jpierce@johnpiercelaw.com

/s/  *Jordan M. Matthews*
Jordan M. Matthews