UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS ANDERSON, *et al.*,

     Plaintiffs,

v.

UNITED AIRLINES, INC**.,** *et al.*,

     Defendants.

Case No. 1:23-CV-00989

Honorable Matthew F. Kennelly

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
FOR LEAVE TO AMEND COMPLAINT**

## TABLE OF CONTENTS

**Page**

**LEGAL STANDARD** .................................................................................................**- 3 -**

**ARGUMENT** ...........................................................................................................**- 4 -**

**I.     Plaintiffs' Proposed Amendments are Futile.** ........................................**- 4 -**

    **A.     The Amended Complaint Is Still a Shotgun Pleading.** ..................**- 4 -**

    **B.     Counts II – XII of the Amended Complaint Are Futile.** ............**- 5 -**

    **C.     The New Count I of the Amended Complaint Is Futile.**............**- 12 -**

**II.    Undue Delay Further Supports Denying Leave to Amend.** ...................**- 14 -**

## TABLE OF AUTHORITIES

Page

CASES

*Bivens v. Six Unknown Named Agents*,
    403 U.S. 38 (1971) ......................................................................................................11

*Bridges v. Houston Methodist Hosp.*,
    543 F. Supp. 3d 525 (S.D. Tex. 2021) ....................................................................13

*Ciraci v. J.M. Smucker Co.*,
    2021 WL 6064748 (N.D. Ohio Dec. 22, 2021) ......................................................14

*Ciraci v. J.M. Smucker Co.*,
    62 F.4th 278 (6th Cir. 2023) ..................................................................................11

*Egbert v. Boule*,
    142 S.Ct. 1793 (2022) .............................................................................................11

*Enriquez v. U.S. Cellular*,
    2007 WL 9813326 (N.D. Ill. May 3, 2007) ......................................................14, 15

*Finkbeiner v. Geisinger Clinic*,
    623 F. Supp. 3d 458 (M.D. Pa. 2022) ................................................................12, 14

*Jackson v. Methodist Health Servs. Corp.*,
    2023 WL 2486599 (C.D. Ill. Feb. 10, 2023) ..........................................................13

*Jacobson v. Massachusetts*,
    197 U.S. 11 (1905) ..................................................................................................10

*Johnson v. Tyson Foods, Inc.*,
    607 F. Supp. 3d 790 (E.D. Tenn. 2022) ..................................................................13

*Klaassen v. Trs. of Ind. Univ.*,
    7 F.4th 592 (7th Cir. 2021) .....................................................................................10

*Legaretta v. Macias*,
    603 F. Supp. 3d 1050 (D.N.M. 2022) ....................................................................12

*McCutcheon v. Enlivant ES, LLC*,
    2021 WL 5234787 (S.D. W.Va. Nov. 9, 2021) ......................................................14

*Naperville Smart Meter Awareness v. City of Naperville*,
  114 F. Supp. 3d 606 (N.D. Ill. 2015) ...................................................................3, 14

*Park v. City of Chicago*,
  297 F.3d 606 (7th Cir. 2002) ...................................................................................3

*Perrian v. O'Grady*,
  958 F.2d 192 (7th Cir. 1992) .................................................................................14

*Schilke v. Wachovia Mortg., FSB*,
  758 F. Supp. 2d 549 (N.D. Ill. 2010) ......................................................................3

*Socorro v. IMI Data Search, Inc.*,
  2003 WL 1964269 (N.D. Ill. Apr. 28, 2003) ...........................................................9

*Thomas v. Dart*,
  39 F.4th 835 (7th Cir. 2022) ...........................................................................3, 14

*Trivedi v. Wells Fargo Bank, N.A.*,
  609 F. Supp. 3d 628 (N.D. Ill. 2022) .....................................................................15

*Valdez v. Lujan Grisham*,
  2022 WL 3577112 (D.N.M. Aug. 19, 2022) ...........................................................14

*Wilson v. Warren County*,
  830 F.3d 464 (7th Cir. 2016) .................................................................................10

## STATUTES AND RULES

21 U.S.C. § 360bbb-3 .................................................................................... *passim*

42 U.S.C.
  § 2000e–2 ...............................................................................................................7
  § 2000ff–1 ..............................................................................................................8

FED. R. CIV. P. 8 .............................................................................................................4

FED. R. CIV. P. 12(b)(6) ...........................................................................................3, 4, 14

FED. R. CIV. P. 15 ..........................................................................................................3

14 C.F.R. § 61.53 ...........................................................................................................6

**OTHER AUTHORITIES**

*Equal Employment Opportunity Comm'n.* (May 15, 2023),
   https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-
   rehabilitation-act-and-other-eeo-laws ...................................................................................13

*Whether Section 564 of the Food, Drug, and Cosmetic Act Prohibits Entities from
   Requiring the Use of a Vaccine Subject to an Emergency Use Authorization*,
   2021 WL 3418599, at \*1 (July 6, 2021 O.L.C.) .............................................................12, 13

## INTRODUCTION

To this point, Thomas Anderson and various groups of his fellow employees have filed five similar complaints in three different lawsuits against United Airlines, Inc. ("United") regarding the airline's COVID-19 mitigation and vaccination policies. *See Anderson I* (3:21-cv-1050 M.D. Fla.) (three different complaints); *Anderson II* (3:22-cv-107 M.D. Fla.); ECF No. 1-1. Despite all these opportunities, Plaintiffs have never made it past the starting gate: every one of these complaints has had multiple fundamental legal defects, including shotgun pleading, constitutional claims against private actors, inability to allege exhaustion of administrative remedies, repeatedly rejected legal theories, and so on.

Now, in response to United's recent motion to dismiss, Plaintiffs want to try yet again, filing what would be, in effect, the sixth iteration of similar allegations.[1] That attempt should be rejected on two main grounds. *First*, the proposed amendment would be futile. In essence, Plaintiffs just rehash – without any meaningful amendment – their prior shotgun allegations, and thus the proposed complaint suffers from all of the same defects identified in United's previously-filed Motion to Dismiss (ECF No. 17) ("MTD"). And while Plaintiffs add one new cause of action relating to the "Emergency Use Authorization" statute, the courts, the Justice Department, and the Equal Employment Opportunity Commission ("EEOC") have uniformly rejected that theory as legally untenable. *Second*, Plaintiffs unjustifiably delayed in asserting their new claim and other amendments, particularly considering the numerous other cases these Plaintiffs filed against United regarding its COVID-19 policies. They have been aware of the problems with their allegations for the better part of two years, yet have never corrected those issues.

---

[1] United files this opposition to leave to amend Plaintiffs' original complaint (ECF No. 1-1), in accordance with the Court's Order (ECF No. 24, 27) to construe Plaintiffs' proposed Amended Complaint (Am. Compl.) as a motion for leave to amend.

**BACKGROUND**

United moved to dismiss the original complaint on April 21, 2023. ECF No. 16. On May 17, Plaintiffs requested additional time (ECF No. 20) and the Court extended their "[d]ue date for [a] response to [the] motion to dismiss" to June 21, further ordering that "[t]his deadline [would] not be extended again" (ECF No. 21). Instead of filing a response to the motion, Plaintiffs filed an Amended Complaint on June 21. ECF No. 23.

The proposed Amended Complaint drops two of the thirty Plaintiffs and retains the same eleven causes of action as the prior complaint under state law, the U.S. Constitution, Title VII, and the Genetic Information Non-Discrimination Act ("GINA") against United and thirty-three of its directors, officers, and employees.[2] In the proposed amended filing, Plaintiffs offer no materially new allegations related to the original eleven causes of action. Specifically, as to those counts, Plaintiffs' sole amendments are (1) a sentence that appears to relate to administrative exhaustion, Am. Compl. ¶ 199; (2) a reference to a *Bivens* cause of action for their constitutional claims, *id.* at ¶ 185, p. 68; and (3) additional background about the federal government's COVID-19 requirements and the litigation in response, *id.* at ¶¶ 97, 99, 100.

Aside from those relatively modest changes, the primary amendment is the addition of one cause of action and related factual allegations asserting a violation of the Food and Drug Administration Act ("FDA Act"), 21 U.S.C. § 360bbb-3(e)(1)(A)(ii)(III). Am. Compl., Count I. The FDA Act sets the rules for when the FDA may issue an "Emergency Use Authorization" for a medical product, which is how the government initially approved the COVID-19 vaccines. *See, e.g.*, Am. Compl. ¶¶ 1–8, 85, 204–206.

---

[2] Thad Krupa and Richard Sherlock are no longer Plaintiffs in the proposed Amended Complaint. Am. Compl. ¶¶ 14–41. As to Defendants, Plaintiffs' Amended Complaint adds two individuals affiliated with the Association of Flight Attendants—Sara Nelson and Ken Diaz. *Id.* at ¶¶ 59–60.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides for amendment as of right, at the latest, twenty-one days after the defendant files a motion to dismiss. *See* FED. R. CIV. P. 15(a). After that, a party may only amend a complaint "with the opposing party's written consent or the court's leave[.]" *Naperville Smart Meter Awareness v. City of Naperville*, 114 F. Supp. 3d 606, 610 (N.D. Ill. 2015).

"[A] district court may deny leave to amend for undue delay, bad faith, dilatory motive, prejudice, or futility." *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Schilke v. Wachovia Mortg., FSB*, 758 F. Supp. 2d 549, 554 (N.D. Ill. 2010) (the court may deny "leave to amend when an amendment would be futile because it could not withstand a motion to dismiss"); *see Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022) ("Leave to amend was properly rejected because it would have been futile.").

The Seventh Circuit holds that "[a]mendment is futile when it seeks to add a new claim that does not allege a viable theory of liability." *Thomas*, 39 F.4th at 841; *see Schilke*, 758 F. Supp. 2d at 554 ("Futility, in the context of Rule 15, refers to the inability to state a claim[.]"). "When the basis for denial is futility, the Court applies Rule 12(b)(6) to determine whether the proposed amended complaint fails to state a claim for relief." *Naperville*, 114 F. Supp. 3d at 611.

Although futility alone justifies denying leave to amend, undue delay can further enhance the justification for a denial of leave. *See Park v. City of Chicago*, 297 F.3d 606, 612–13 (7th Cir. 2002) (affirming denial of leave based on futility and undue delay).

## ARGUMENT

### I.     Plaintiffs' Proposed Amendments are Futile.

The proposed Amended Complaint offers no materially new allegations related to the original causes of action in the Complaint, and the proposed amendment is therefore futile for all of the reasons discussed in United's April 21 Motion to Dismiss. With respect to the one new count, which purports to bring a claim under the FDA Act, 21 U.S.C. § 360bbb-3(e)(1)(A)(ii)(III), courts have uniformly rejected it as legally invalid. Therefore, the Court should deny Plaintiffs leave to amend their complaint.

#### A.     The Amended Complaint Is Still a Shotgun Pleading.

As a preliminary matter, the proposed Amended Complaint continues to be a shotgun pleading. *See* MTD 2–3. Among other things, it continues to lack specifics as to each of the many Plaintiffs' non-class claims and any particularized allegations against the various individual Defendants. Plaintiffs do not seek to add *any* factual allegations about the bevy of individual Defendants who do not belong in this case. To the contrary, Plaintiffs *added* two more individual Defendants to the list of "Parties" (Am. Compl. ¶¶ 59–60) without adding a single substantive allegation about either one. Because the Plaintiffs have not resolved the defects United raised in its motion, and a shotgun pleading cannot meet the Rule 12(b)(6) standards, the Court should deny the motion for leave (and grant dismissal) on this basis alone. Indeed, earlier this month, another court recognized that Plaintiffs' counsel's near carbon-copy COVID-19 complaint against another airline was "a quintessential shotgun pleading in violation of Rule 8(a)(2)." *Estate of Lane Caviness v. Atlas Air, Inc.*, No. 1:22-cv-23519-KMM (S.D. Fla.), ECF. No. 59; *id.* at ECF No. 39. In its recent order, the court also noted that "this is Plaintiffs['] second opportunity to amend its complaint based on a deficiency that has been pointed out since February 6, 2023." *Id.* at ECF No. 61.

**B.     Counts II – XII of the Amended Complaint Are Futile.**

The proposed Amended Complaint retains the same eleven counts alleged in the original pleading. Most of the counts are virtually unchanged, and thus are futile for the same reasons addressed in United's Motion to Dismiss. *See* ECF No. 17. The minimal changes pled in the proposed amendment are insufficient to resolve the many deficiencies that United had previously identified with those claims.

**1.     *Plaintiffs' Unchanged Causes of Action Are Still Legally Invalid and Thus Futile.***

Ten of the counts in the proposed amended pleading (Counts II – IX, XI, XII) are substantively identical to the previously-stated allegations, making no effort whatsoever to address the problems outlined in United's Motion to Dismiss. Rather than repeating all of its arguments in that Motion, United briefly summarizes the main points below.[3]

- **Count II (Count I of the original complaint) is futile because Plaintiffs continue to lack any valid invasion of privacy claim.** There are no new allegations regarding Plaintiffs' claim that Defendants invaded their privacy by sending them postcard reminders that company "records indicate that you have not uploaded your COVID-19 vaccine information" or with their COVID-19 masking policy. *Compare* Am. Compl. ¶¶ 10, 154, 208, *with* Compl. ¶¶ 7, 138, 187. Plaintiffs have not—and cannot—allege facts to support the necessary publication of private fact and offensiveness elements. *See* MTD 3–6.

---

[3]     There is, of course, extensive overlap between the reasons why the original complaint is legally defective and why repleading those same allegations is futile. To the extent the Court may wish to review more detailed versions of the summarized arguments set forth herein, United has provided cross-references to the relevant portions of its Motion to Dismiss.

- **Count III (Count II of the original complaint) is futile because Plaintiffs continue to lack any actionable negligence claim based on any alleged invasion of privacy.** Count III asserts a cause of action for negligence *res ipsa loquitur*, but negligence *res ipsa loquitur* is a rule of evidence, not a theory of recovery. Its requirement of an instrumentality in Defendants' exclusive control is not met here. *See* MTD 6–7. Plaintiffs had the opportunity to replead this claim as an ordinary negligence claim, yet elected not to do so. In any event, an ordinary negligence claim would also fail because (i) it is barred by the Illinois Workers' Compensation Act ("IWCA") and (ii) it similarly fails the publication and offensiveness elements. *Id.* at 7; *compare* Am. Compl. ¶ 214, *with* Compl. ¶ 193.

- **Count IV (Count III of the original complaint) is futile because Plaintiffs continue to lack any plausible Illinois Whistleblower Act claim.** There are no new allegations that "Pilot Plaintiffs" were punished for refusing to participate in an activity that would result in a violation of 14 C.F.R. § 61.53. *Compare* Am. Compl. ¶¶ 128, 218, *with* Compl. ¶¶ 114, 197 (the only change is replacing the word "vaccine" with "unapproved medical products" and removing the adverb "actually"). Plaintiffs still do not plausibly allege that taking the vaccine rendered them "unable to meet the requirements for the medical certificate" under 14 C.F.R. § 61.53, particularly because the FAA *expressly authorized* pilots to receive the COVID-19 vaccine. *See* MTD 7–8.

- **Counts V, VI, and VII (Counts IV, V, and VI of the original complaint) are futile because Plaintiffs continue to fail to allege individualized Title VII claims.** Any claims of discrimination under Title VII are necessarily fact-and-

circumstances dependent, yet the Amended Complaint continues to rely on generic, sweeping allegations about the 28 Plaintiffs, as if they were all a single person. These allegations are, as a matter of law, insufficient. *See* MTD 10–16. None of the Plaintiffs have added *any* factual allegations about how their particular circumstances amount to a violation of Title VII. Indeed, 25 of the now 28 Plaintiffs continue to provide no specific factual allegations concerning their respective experiences with United's vaccine policies.[4] *See* MTD 10–11. The Motion to Dismiss noted that the original complaint did not even bother to state whether these individuals are current employees or not, *id.* at 11, merely alleging that each person is a current or former employee of United, and the proposed Amended Complaint has not even cured this fundamental infirmity. *Compare* Am. Compl. ¶¶ 14, 16, 18– 32, 34–41, *with* Compl. ¶¶ 12, 14, 16–31, 33–41 (only change is removal of two Plaintiffs, Thad Krupa and Richard Sherlock).

- **Counts V, VI, and VII (Counts IV, V, and VI of the original complaint) are also futile because Plaintiffs continue to fail to allege discrimination or other required elements.** The Amended Complaint, like the original complaint, does not allege that United took any employment action "*because of* [any] individual's . . . religion*.*" 42 U.S.C. § 2000e–2 (emphasis added). Rather, among other defects, the Amended Complaint continues to only allege that Plaintiffs were treated differently based on vaccination status. *Compare* Am. Compl. ¶ 251, *with* Compl. ¶ 230.

---

[4]     For the three Plaintiffs for whom any details were provided in the original complaint, no new allegations to support their claims were made in the Amended Complaint. *Compare* Am. Compl. ¶¶ 15, 17, 33, *with* Compl. ¶¶ 13, 15, 32. As such, for the reasons in its motion to dismiss, none of these three Plaintiffs supply any basis to conclude religious discrimination by United, *see* MTD 11, and Plaintiffs' "failure to accommodate" claims are also legally inadequate, *id.* at 12–13.

- **Count VII (Count VI of the original complaint) is also futile because Plaintiffs continue to fail to allege harassment.** Plaintiffs have also re-pled their claims of "harassment." Those harassment allegations are substantively unchanged. *Compare* Am. Compl. ¶¶ 262–87, *with* Compl ¶¶ 241–66 (adding quotations around the word "vaccine" and replacing the word "vaccines" with "EUA products" in places). As with their claims of discrimination, their harassment allegations relate to Plaintiffs' "vaccine status," not religion. *See* MTD 16. Moreover, the original complaint failed to allege facts that suggest any specific individual was subjected to severe or pervasive harassment, *see* MTD 15, and the Amended Complaint has added no such allegations. The Plaintiffs cannot plead their claims as if this were a *de facto* class action. Am. Compl. ¶¶ 171–75, 262–87.

- **Counts VIII and IX (Counts VII and VIII of the original complaint) are futile because Plaintiffs continue to fail to allege any valid GINA claims.** There are no new GINA allegations. *Compare* Am. Compl. ¶¶ 120, 126, 288–310, *with* Compl. ¶¶ 106, 112, 267–89. The Amended Complaint has not addressed Plaintiffs' failure to allege any use of "genetic information" within the meaning of GINA. *See* MTD 16–17. In addition, an allegation that Defendants violated GINA when they requested their employees' vaccination status fails to state a claim because GINA only bars adverse actions "*because of genetic information* with respect to the employee[s]." 42 U.S.C. § 2000ff–1(a)(1), (2) (emphasis added); *see* MTD 16–17. Here, Plaintiffs' allegations concern vaccination status, Am. Compl. ¶¶ 294–95, not "genetic information."

8

- **Count XI (Count X of the original complaint) is futile because Plaintiffs continue to lack any valid Intentional Infliction of Emotional Distress ("IIED") claim.** The Amended Complaint adds nothing to remedy Plaintiffs' threadbare recital of the IIED elements in Count XI. *Compare* Am. Compl. ¶¶ 334–37, *with* Compl ¶¶ 313–16. Nor can anything alleged in the totality of the complaint satisfy the elements of this hard-to-plead tort. *See* MTD 21–23.

- **Count XII (Count XI of the original complaint) is futile because Plaintiffs continue to lack any valid Negligent Infliction of Emotional Distress ("NIED") claim.** Like negligence, Count XI alleging NIED is barred by the IWCA. *See Socorro v. IMI Data Search, Inc.*, 2003 WL 1964269, at *5 (N.D. Ill. Apr. 28, 2003). And even if the IWCA did not bar it, Plaintiffs fail to plausibly allege NIED's elements. *See* MTD 24.

### 2. *Plaintiffs' Amendments Do Not Resolve Their Failure to Adequately Allege Exhaustion.*

In their Motion to Dismiss, Defendants sought dismissal of all Title VII and GINA claims on, *inter alia*, the grounds that (1) each Plaintiff failed to adequately allege filing a charge with the EEOC and receiving a right to sue notice, and (2) there is no "futility" exception to these statutory exhaustion requirements. *See* MTD 8–10. The proposed Amended Complaint does nothing to address or attempt to resolve those problems. Plaintiffs' Amended Complaint does not identify which, if any, Plaintiffs satisfied the mandatory prerequisites to sue under federal employment statutes. *Compare* Am. Compl. ¶¶ 201, 203, 287, 299, 310, *with* Compl. ¶¶ 183, 185, 266, 278, 289. Thus, in addition to the issues noted above, Counts V–IX of the Amended Complaint are futile because Plaintiffs have not alleged exhaustion of administrative remedies for their Title VII (Counts V–VII) and GINA (Counts VIII–IX) claims.

To be sure, Plaintiffs do include one new allegation that might be related to exhaustion, stating that the "EEOC does not have jurisdiction over and does not supersede established EUA law." Am. Compl. ¶ 199. But United's exhaustion arguments apply solely to the federal employment claims under Title VII and GINA, and there is no basis to suggest that the "EUA law" excuses a plaintiff from exhausting administrative remedies under those separate laws.

### 3.      *Plaintiffs' Amendments to Count X of the Amended Complaint Are Insufficient to Plead a Constitutional Claim Against United.*

Count IX of the original complaint alleges that United – a private corporation – is liable for violations of the U.S. Constitution. In their Motion to Dismiss, Defendants explained that (among other problems) the Plaintiffs do not plausibly allege "(1) the deprivation of a right secured by the Constitution or federal law and (2) that defendants were acting under color of state law." *Wilson v. Warren County*, 830 F.3d 464, 468 (7th Cir. 2016); *see* MTD 17–21.

None of the amendments to the Plaintiffs' constitutional claims (now found in Count X) solve those problems. For example, United relied on *Jacobson v. Massachusetts*, 197 U.S. 11 (1905), which rejected the idea that vaccination mandates violate the U.S. Constitution. The Amended Complaint now argues that *Jacobson* "is a *de minimis* precedent for Defendants" because Jacobson "merely paid a five dollar fine," Am. Compl. ¶ 101. But that does not change the rationale or holding of that Supreme Court case. Specifically, as the Seventh Circuit has held, if "a state may require all members of the public to be vaccinated against smallpox [as in *Jacobson*], there can't be a constitutional problem with vaccination against SARS-CoV-2." *Klaassen v. Trs. of Ind. Univ.*, 7 F.4th 592, 593 (7th Cir. 2021). Nor have Plaintiffs added allegations addressing the point that, even setting aside *Jacobson*, they have no fundamental right to avoid vaccinations or to avoid disclosing vaccine status. *Compare* Am. Compl. ¶¶ 317–18, *with* Compl. ¶¶ 296–97; *see* MTD 18.

10

Nor have Plaintiffs fixed the other issues with their constitutional claims. As United has previously argued, Plaintiffs cannot use Section 1983 as the vehicle for their constitutional claims because those claims allege connections between United and the federal government, not any "State". *See* MTD 19; *Ciraci v. J.M. Smucker Co.*, 62 F.4th 278, 287 (6th Cir. 2023) (concluding in a similar COVID-19 case that "§ 1983 has no role to play"). Plaintiffs have not proposed any amendments to resolve that deficiency. *Compare* Am. Compl. ¶¶ 183–97, 268, 314, *with* Compl. ¶¶ 166–180, 247, 293.

Instead, Plaintiffs now advance an "alternative" cause of action, alleging that "United is a 'federal government actor' within the purview of *Bivens v. Six Unknown Named Agents*, 403 U.S. 38 (1971)." Am. Compl. ¶ 185, p. 68. However, as the *Ciraci* court recognized, "the Supreme Court has rejected *Bivens* claims 'against private corporations acting under color of federal law[.]'" 62 F.4th at 287 (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71 (2001)). Moreover, the Supreme Court has recognized *Bivens* claims only in three specific factual contexts – Fourth Amendment claims against federal agents, a "Fifth Amendment sex-discrimination claim" and "a federal prisoner's inadequate-care claim under the Eighth Amendment" – and recently said that recognizing *Bivens* in new factual contexts is "a disfavored judicial activity." *Egbert v. Boule*, 142 S.Ct. 1793, 1802–03 (2022).

Plaintiffs have also made no meaningful amendments to their allegations addressing how United could be understood to be a state actor (or acting under color of state law), which is an alternative reason why each of their constitutional claims fail. *See* MTD 19–21. Rather than add any alleged facts concerning United's conduct that might bear on the state action analysis, Plaintiffs added only irrelevant information about the federal government's COVID-19 policies and the various litigations challenging those policies. *See* Am. Compl. ¶¶ 97, 99, 100.

### C.     The New Count I of the Amended Complaint Is Futile.

In their new Count I, the Plaintiffs set forth a cause of action and accompanying factual allegations under the FDA Act, 21 U.S.C. § 360bbb-3. That statute "authorizes the [FDA] to issue an 'emergency use authorization' ('EUA') for a medical product, such as a vaccine, under certain emergency circumstances." *Whether Section 564 of the Food, Drug, and Cosmetic Act Prohibits Entities from Requiring the Use of a Vaccine Subject to an Emergency Use Authorization*, 2021 WL 3418599, at *1 (July 6, 2021 O.L.C.) ("OLC Memo"). Through this process, the FDA initially approved three major COVID-19 vaccines. *See* OLC Memo, 2021 WL 3418599, at *3. Plaintiffs claim that United violated the statutory rules governing the EUA by not obtaining informed consent. Am. Compl., Count I.

For three reasons, Plaintiffs' new claim invoking the EUA law is legally deficient and therefore futile. *First*, as Plaintiffs themselves allege, United's policy deadline for receiving "the first dose of the 'vaccine' [was] September 27, 2021" (Am. Compl. ¶ 132), which was *after* the FDA granted full approval to Pfizer's COVID-19 vaccine on August 23, 2021, thereby rendering the EUA authorization irrelevant. *See Legaretta v. Macias*, 603 F. Supp. 3d 1050, 1059–60 (D.N.M. 2022) (rejecting EUA claim because by August 23, 2021 the "FDA ha[d] now given its *full approval*—not just emergency use authorization—to the Pfizer vaccine" for adults); *Finkbeiner v. Geisinger Clinic*, 623 F. Supp. 3d 458, 464 n.24 (M.D. Pa. 2022) (concluding that when the Plaintiff referred "to the [COVID-19] vaccines as being 'EUA approved only,' she is simply wrong . . . the two-dose Pfizer-BioNTech vaccine has been full approved by the [FDA] since August 23, 2021"). In other words, United did not require any employee to receive a COVID-19 vaccine pursuant to an EUA-authorization; employees had the opportunity to receive a fully-approved Pfizer vaccine, if that was their choice.

*Second*, "Plaintiff[s'] claim must be dismissed because the EUA does not provide for a private right of action." *Jackson v. Methodist Health Servs. Corp.*, 2023 WL 2486599, at *5 (C.D. Ill. Feb. 10, 2023) (dismissing COVID-19 claim); *see also Bridges v. Houston Methodist Hosp.*, 543 F. Supp. 3d 525, 527 (S.D. Tex. 2021) (concluding Section 360bbb-3 "does not confer a private opportunity to sue" an employer); *Johnson v. Tyson Foods, Inc.*, 607 F. Supp. 3d 790, 806 (E.D. Tenn. 2022) ("there is no private right of action under" Section 360bbb-3). This means that Plaintiffs' objections need to be directed to the government, not the Defendants.

*Third*, even if EUA were applicable to United's policy *and* Plaintiffs had a private right of action, their EUA claim would still be futile. According to Plaintiffs, United's vaccine policy violated the FDA Act's requirement that an EUA be "designed to ensure that individuals to whom the [vaccine] is administered are informed . . . of the option to accept or refuse administration of the product [and] of the consequences, if any, of refusing the [vaccine]." 21 U.S.C. § 360bbb-3(e)(1)(A)(ii)(III). *See* Am. Compl. ¶¶ 3–6. However, as the U.S. Department of Justice ("DOJ") and the EEOC have explained, the FDA Act does not prohibit "private entities from imposing vaccination requirements, even when the only vaccines available are those authorized under EUAs." OLC Memo, 2021 WL 3418599, at *11.[5] Rather, the condition that Plaintiffs reference only applies to those administering the vaccine (*i.e.*, those "carry[ing] out an[ ] activity for which an EUA is issued"). OLC Memo, 2021 WL 3418599, at *5 (discussing 21 U.S.C. § 360bbb-3(*l*)). Moreover, the only substantive obligation on such entities is that patients receive the FDA-approved factsheets describing medical consequences related to the vaccines and informing individuals they have the option to refuse the vaccine. *Id.*

---

[5] *See What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws, Equal Employment Opportunity Comm'n.* (May 15, 2023), https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws.

Every court to consider the issue has agreed with the DOJ that a private employer's COVID-19 immunization policy cannot violate the statute. *See, e.g.*, *McCutcheon v. Enlivant ES, LLC*, 2021 WL 5234787, at *3 (S.D. W.Va. Nov. 9, 2021) (EUA statute "outlines the rights and responsibilities of the Secretary of Health and Human Services in an emergency; it has no impact upon the rights and responsibilities of private employers"); *Valdez v. Lujan Grisham*, 2022 WL 3577112, at *5 (D.N.M. Aug. 19, 2022) (EUA statute's "informed consent requirement 'only applies to medical providers[,]'" not to employers); *Ciraci v. J.M. Smucker Co.*, 2021 WL 6064748, at *2 n.1 (N.D. Ohio Dec. 22, 2021) ("[T]he EUA statute does not apply to private actors[.]"); *Finkbeiner*, 623 F. Supp. 3d at 464 n.24 ("Courts have been uniform that the statute has no bearing in cases involving employer mandates.").

Because Plaintiffs' EUA claim has no viability, their proposed amendment is futile. *See Thomas*, 39 F.4th at 841 ("Amendment is futile when it seeks to add a new claim that does not allege a viable theory of liability."); *Naperville*, 114 F. Supp. 3d at 611 ("When the basis for denial is futility, the Court applies Rule 12(b)(6) to determine whether the proposed amended complaint fails to state a claim for relief.").

## II.     Undue Delay Further Supports Denying Leave to Amend.

"[T]he longer the delay, the greater the presumption against granting leave to amend." *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992). "A denial is particularly warranted where the plaintiff provides no explanation why the amendment did not take place sooner." *Enriquez v. U.S. Cellular*, 2007 WL 9813326, at *2 (N.D. Ill. May 3, 2007) (finding that Plaintiffs were aware of the alleged conduct that provides the putative basis of the new claim long ago).

In this case, none of the amendments proposed by the Plaintiffs relate to new facts or circumstances. Everything they propose to add was known to them at the time they filed their original complaint (and indeed long before).

14

As to their proposed new count under the EUA statute, Plaintiffs have known about it since at least October 2021 (21 months ago), when Mr. Anderson and others brought the *same claim* against United in their earlier Florida lawsuit. *See Anderson I*, ECF Nos. 1, 28, (3:21-cv-1050 M.D. Fla Nov. 17, 2021); *Trivedi v. Wells Fargo Bank, N.A.*, 609 F. Supp. 3d 628, 633 (N.D. Ill. 2022) (denying leave to amend where plaintiff sought to add one new claim that was not legally viable after 15 months). Therefore, in conjunction with futility, Plaintiffs' undue delay warrants denial of leave to amend. *See Enriquez*, 2007 WL 9813326, at *2.

## CONCLUSION

United requests that the Court deny leave to amend.

Dated: July 24, 2023

Respectfully submitted,

/s/ *Jordan M. Matthews*
Jordan M. Matthews
jmatthews@jonesday.com
JONES DAY
110 N. Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

Donald J. Munro
dmunro@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

Alexander V. Maugeri (*pro hac vice*)
amaugeri@jonesday.com
JONES DAY
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2023, I electronically filed a true and correct copy of the foregoing with the Clerk of Court via CM/ECF, which will send notice of the same to all parties of record.

*/s/ Jordan M. Matthews*