UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS ANDERSON, *et al.*,

       Plaintiffs,

v.

UNITED AIRLINES, INC**.,** *et al.*,

       Defendants.

Case No. 1:23-CV-00989

Honorable Matthew F. Kennelly

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
SECOND MOTION FOR LEAVE TO AMEND COMPLAINT**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................. 1

LEGAL STANDARD............................................................................................................ 2

ARGUMENT ......................................................................................................................... 2

I.    Plaintiffs' Proposed Amendments Remain Futile.............................................................. 2

    A.    Count I:  Plaintiffs Cannot Assert a Claim Under the FDA Act............................ 3

    B.    Count II:  Plaintiffs Again Fail to Allege a Valid Invasion Of Privacy Claim ........................................................................................................................ 4

    C.    Count III:  Plaintiffs' Negligence Claim Remains Futile ..................................... 5

    D.    Count IV:  Plaintiffs Lack any Violation for a Whistleblower Act Claim ............ 6

    E.    Plaintiffs' Title VII Claims Fail Both Exhaustion and to Allege the Elements.................................................................................................................. 7

        1.    Failure to Administratively Exhaust ......................................................... 7

        2.    Count V:  Failure to Accommodate .......................................................... 7

        3.    Counts VI-VII:  Disparate Treatment and Hostile Work Environment.................................................................................................. 9

    F.    Counts VIII-IX:  Genetic Information Non-Discrimination Act (GINA) ........... 11

    G.    Count X:  Plaintiffs Lack a Cause of Action and Viable Constitutional Claim.................................................................................................................... 12

    H.    Counts XI-XII:  Plaintiffs Still Lack Any Valid Claim For Intentional or Negligent Infliction of Emotional Distress (IIED or NIED) .............................. 13

II.    The SAC Remains a Shotgun Pleading and States No Claim Against the Individual Defendants................................................................................................... 13

CONCLUSION.................................................................................................................... 15

# TABLE OF AUTHORITIES

Page

CASES

*Airborne Beepers & Video, Inc. v. AT&T Mobility LLC,*
    499 F.3d 663 (7th Cir. 2007) ................................................................................1

*Arnold v. Janssen Pharmaceutica, Inc.,*
    215 F. Supp. 2d 951 (N.D. Ill. 2002) ...................................................................5

*Bank of Am., N.A. v. Knight,*
    725 F.3d 815 (7th Cir. 2013) ..............................................................................14

*Baylay v. Etihad Airways P.J.S.C.,*
    881 F.3d 1032 (7th Cir. 2018) ..............................................................................5

*Benson v. Fannie May Confections Brands, Inc.,*
    944 F.3d 639 (7th Cir. 2019) ................................................................................3

*Bivens v. Six Unknown Named Agents,*
    403 U.S. 38 (1971) ..............................................................................................12

*Bostock v. Clayton County, Georgia,*
    140 S. Ct. 1731 (2020) ..................................................................................10, 11

*Brown v. Cook Cnty.,*
    2018 WL 3122174 (N.D. Ill. June 26, 2018) .............................................2, 8, 12

*Bumphus v. UniQue Pers. Consultants,*
    2018 WL 1565609 (S.D. Ill. Mar. 30, 2018) .......................................................14

*Ciraci v. J.M. Smucker Co.,*
    62 F.4th 278 (6th Cir. 2023) ...............................................................................12

*Cordts v. Chi. Tribune Co.,*
    369 Ill. App. 3d 601 (Ill. App. Ct. 2006) ..........................................................4, 5

*Curry v. Boeing Co.,*
    542 F. Supp. 3d 804 (N.D. Ill. 2021) ....................................................................5

*Doe v. Columbia Coll. Chi.,*
    933 F.3d 849 (7th Cir. 2019) ............................................................................2, 8

*Doe v. Rumsfeld,*
　　2005 WL 1124589 (D.D.C. Apr. 6, 2005) ..............................................3

*E.E.O.C. v. United Parcel Serv.,*
　　94 F.3d 314 (7th Cir. 1996) ...........................................................8

*Estate of Lane Caviness et al. v. Atlas Air, Inc. et al,*
　　Case No. 1:22-cv-23519-KMM (S.D. Fla. Sept. 20, 2023)......................1, 5, 8, 12

*Estate of Lane Caviness v. Atlas Air, Inc.,*
　　No. 1:22-cv-23519-KMM (S.D. Fla.)...................................................14

*Green v. Chi. Tribune Co.,*
　　286 Ill. App. 3d 1 (Ill. App. Ct. 1996) ..............................................4

*Gross v. N. Dakota Univ. Sys.,*
　　2022 WL 2612121 (D.N.D. Jan. 10, 2022)..............................................12

*Homer v. Penn. State Univ.,*
　　2023 WL 5154699 (W.D. Pa. Aug. 10, 2023) ...........................................11

*Jacobson v. Massachusetts,*
　　197 U.S. 11 (1905)..................................................................13

*Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.,*
　　55 F. 4th 517 (7th Cir. 2022) ........................................................2

*McCutcheon v. Enlivant ES, LLC,*
　　2021 WL 5234787 (S.D. W.Va. Nov. 9, 2021) ...........................................3

*McKinley v. Princeton Univ.,*
　　2023 WL 3168026 (D.N.J. Apr. 28, 2023) .............................................12

*McReynolds v. Merril Lynch & Co., Inc.,*
　　694 F.3d 873 (7th Cir. 2012) ........................................................10

*Merrell Dow Pharms Inc. v. Thompson,*
　　478 U.S. 804 (1984)..................................................................3

*Norris v. Stanley,*
　　73 F.4th 431 (6th Cir. 2023) .........................................................3

*Ojeda v. Kaiser Permanente Int'l, Inc.,*
　　2022 WL 18228249 (C.D. Cal. Nov. 29, 2022)...........................................5

*Parker v. Ill. Hum. Rts. Comm'n,*
2013 WL 5799125 (N.D. Ill. Oct. 25, 2013).........................................................14

*Phillips v. Harbor Venice Mgmt., LLC,*
2020 WL 495224 (M.D. Fla. Jan. 30, 2020).........................................................7

*Porter v. City of Chicago,*
700 F.3d 944 (7th Cir. 2012) .............................................................................8

*Rhoades v. Savannah River Nuclear Solutions, LLC,*
574 F. Supp. 3d 322 (D.S.C. Dec. 3, 2021) .........................................................3

*Ries v. City of Chi.,*
2023 WL 6126726 (N.D. Ill. Sept. 19, 2023) .....................................................11

*Roberts v. Bd. of Trs. of Cmty. Coll. Dist. No. 508,*
135 N.E. 3d 891 (Ill. 2019)..................................................................................6

*Roman Cath. Diocese of Brooklyn v. Cuomo,*
141 S. Ct. 63 (2020)............................................................................................4

*Schilke v. Wachovia Mortg., FSB,*
758 F. Supp. 2d 549 (N.D. Ill. 2010) ...................................................................2

*Schmidt v. City of Pasadena,*
2023 WL 4291440 (C.D. Cal. Mar. 8, 2023).........................................................3

*Taylor v. Vanderbilt Univ.,*
2023 WL 2398761 (M.D. Tenn. Jan. 23, 2023).....................................................12

*Thomas v. Dart,*
39 F.4th 835 (7th Cir. 2022) ...............................................................................2

**STATUTES AND OTHER AUTHORITIES**

42 U.S.C. § 2000ff...............................................................................................12

21 U.S.C. § 360bbb-3 ...........................................................................................4

14 C.F.R. § 61.53 .................................................................................................6

## INTRODUCTION

Plaintiffs' proposed Second Amended Complaint (SAC) [ECF No. 31] makes a mockery of this Court's prior holding that none of Plaintiffs' causes of action states a viable claim consistent with Rule 12(b)(6).

In its September 5, 2023 Order, the Court detailed across 20 pages why every claim in the First Amended Complaint (FAC) [ECF No. 23] was legally invalid, inadequately pled (or both), or that the Plaintiffs had forfeited their claims. *See* ECF No. 30 ("Order"). The Court warned that it would enter judgment for the Defendants "[u]nless Plaintiffs file . . . a proposed amended complaint stating at least one viable claim over which the Court has jurisdiction." *Id.* at 20.

Rather than make any serious attempt to engage with this Court's legal reasoning, Plaintiffs' SAC changes almost nothing. *See* Redline of FAC & SAC, Exhibit A. Each Plaintiff and Defendant in the SAC is the same as in the FAC; each cause of action is identical; and Plaintiffs' "amendments" are little more than superficial modifications that do not resolve any of the infirmities this Court already identified or which United argued in its prior opposition to leave or in its motion to dismiss. ECF Nos. 17, 28. Additionally, shortly after this Court's Order, another district court rejected a nearly identical set of claims brought by Plaintiffs' counsel here on behalf of another airline's employees. *See Estate of Lane Caviness et al. v. Atlas Air, Inc. et al*, Case No. 1:22-cv-23519-KMM (S.D. Fla. Sept. 20, 2023) ("Atlas Order"), Exhibit B. Undeterred by all of this, Plaintiffs are back, insisting that the Court and parties expend resources recovering old ground.

Based on the prior Order and, as explained below, United requests that this Court again deny Plaintiffs leave to file a legally futile complaint and enter judgment for Defendants with prejudice. *See Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666–67 (7th Cir. 2007) (affirming dismissal with prejudice and denial of leave to amend because the plaintiff failed to remedy the deficiencies "spelled out" by the court); Order at 20.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a) "a district may deny leave to amend if amendment would be futile." *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F. 4th 517, 529 (7th Cir. 2022). To evaluate futility, the Court applies "the legal sufficiency standard of Rule 12(b)(6) to determine whether the proposed amended complaint fails to state a claim." *Id. See also Schilke v. Wachovia Mortg., FSB*, 758 F. Supp. 2d 549, 554 (N.D. Ill. 2010) (court may deny "leave to amend when an amendment would be futile because it could not withstand a motion to dismiss"); *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022) ("Leave to amend was properly rejected because it would have been futile.").

Rule 12(b)(6) requires dismissal if the complaint does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Brown v. Cook Cnty.*, 2018 WL 3122174, at *1 (N.D. Ill. June 26, 2018). "Legal conclusions and conclusory allegations that merely recite the elements of a claim . . . are not entitled to a presumption of truth." *Id.* The Court should dismiss a complaint without "particularized factual content . . . that allows the court to plausibly infer the defendant is liable for the alleged misconduct." *Doe v. Columbia Coll. Chi.*, 933 F.3d 849, 854 (7th Cir. 2019).

## ARGUMENT

## I.  Plaintiffs' Proposed Amendments Remain Futile.

The proposed SAC is brought by each of the same Plaintiffs against each of the same Defendants and alleges the identical causes of action as the FAC. The minimal changes in the SAC fail to meaningfully address any of this Court's rulings that Plaintiffs failed to state any claims, or the many additional deficiencies that United has already identified and sets out below. Thus, the SAC is futile and the case should end.

### A.    Count I:  Plaintiffs Cannot Assert a Claim Under the FDA Act.

In the Order, the Court held that "Seventh Circuit precedent is clear that the FDA Act 'does not create a private right of action,'" Order at 5 (quoting *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 645 (7th Cir. 2019)), and thus Plaintiffs "cannot bring a claim based on an alleged violation of the EUA provision." *Id.  See also Merrell Dow Pharms Inc. v. Thompson*, 478 U.S. 804, 810, 817 (1984) (explaining that there [is] no private, federal cause of action for [FDA Act] violation[s].").  United also cited unambiguous case law rejecting EUA claims by private employers to COVID-19 vaccine policies, including because—even if a private right of action existed—"as the U.S. Department of Justice [ ] and the EEOC have explained, the FDA Act does not prohibit 'private entities from imposing vaccination requirements, even when the only vaccines available are those authorized under EUAs.'"  ECF. 28 at 13 (quoting *Whether Section 564 of the Food, Drug, and Cosmetic Act Prohibits Entities from Requiring the Use of a Vaccine Subject to an Emergency Use Authorization*, 2021 WL 3418599, at *11 (July 6, 2021 O.L.C.)).  Every court has agreed with the DOJ.[1]  Despite these legal obstacles, Plaintiffs again include an EUA claim.

Plaintiffs' only amendment to their EUA claim is a citation to *Doe v. Rumsfeld,* 2005 WL 1124589, at *1 (D.D.C. Apr. 6, 2005), which they claim stands for "a private right of action to challenge the illegal mandate of an investigational unapproved medical product."  SAC ¶ 4, 95. *First*, this out-of-circuit district court decision cannot override the Seventh Circuit's binding holding that private parties cannot sue under the FDA Act.  *Second*, in any event, *Rumsfeld* is

---

[1] "The EUA statute's relevant language . . . addresses the interaction between the medical provider and the person receiving the vaccine, not the interaction between an employer and an employee receiving a vaccine." *Norris v. Stanley*, 73 F.4th 431, 438 (6th Cir. 2023); *see, e.g.*, *Schmidt v. City of Pasadena*, 2023 WL 4291440, at *14 (C.D. Cal. Mar. 8, 2023); *Rhoades v. Savannah River Nuclear Solutions, LLC*, 574 F. Supp. 3d 322, 344 (D.S.C. Dec. 3, 2021); *McCutcheon v. Enlivant ES, LLC*, 2021 WL 5234787, at *3 (S.D. W.Va. Nov. 9, 2021) (same).

inapplicable. That case did *not* involve the *EUA provision* of the FDA Act, 21 U.S.C. § 360bbb-3(e)(1)(A)(ii)(III) and, importantly, the defendant was not a private business like United. Instead, the case involved an injunction against the Department of Defense. Thus, once again, Plaintiffs have not alleged a cause of action under the FDA Act.[2]

### B.     Count II:  Plaintiffs Again Fail to Allege a Valid Invasion Of Privacy Claim.

The SAC attempts to again assert a claim for invasion of privacy. However, the SAC fails to correct the deficiencies set forth in the Order and fails to state a claim.

Invasion of privacy by publication requires plausibly alleging that:  "(1) publicity was given to the disclosure of private facts; (2) the facts were private, and not public, facts; and (3) the matter made public was such as to be highly offensive to a reasonable person." *Cordts v. Chi. Tribune Co.*, 369 Ill. App. 3d 601, 607 (Ill. App. Ct. 2006); Order at 5. The Court ruled that Plaintiffs "forfeited the issue" by not responding to "United's contention that the [vaccine] postcards did not contain any private facts and were not publicly disclosed." Order at 6.

Plaintiffs should not have another opportunity. Even in the current iteration of the complaint, Plaintiffs have not alleged facts to support the necessary "publication," "offensiveness," or "private-fact" elements.

As to publication, stating a privacy claim requires "communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." ECF No. 17 at 4 (quoting *Green v. Chi. Tribune Co.*, 286 Ill. App. 3d 1 (Ill. App. Ct. 1996)). Plaintiffs make one modification related to this claim by alleging the "workplace-wide publishing of Plaintiffs' PHI in postcards." SAC ¶ 214. Yet, as another court

---

[2]  Plaintiffs' citation to *Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63 (2020) to support an EUA claim, is inapplicable as it relates to First Amendment religious gatherings.

held in a case involving Plaintiffs' counsel, under state privacy law, "publication within [an airline] is not a disclosure to the public at large or a disclosure that is substantially certain to become public knowledge." Atlas Order at 15. So too here.[3]

Courts also recognize that disclosure of COVID-19 vaccine status is not highly offensive. *See, e.g.*, *Ojeda v. Kaiser Permanente Int'l, Inc.*, 2022 WL 18228249, at *7 (C.D. Cal. Nov. 29, 2022); ECF No. 17 at 6.

And, even assuming vaccination status were a "private fact," the SAC does not allege Defendants disclosed it, since "this exact postcard would have been sent to a vaccinated employee who had not uploaded their COVID-19 vaccination records." ECF No. 17 at 4. Similarly, a mask requirement "does not disclose . . . vaccination status" since anyone can wear one. Order at 6.

## C.    Count III:  Plaintiffs' Negligence Claim Remains Futile.

The SAC continues to asserts a cause of action for negligence *res ipsa loquitur*—a rule of evidence, not a valid legal claim. That alone establishes futility. *See Curry v. Boeing Co.*, 542 F. Supp. 3d 804, 823 (N.D. Ill. 2021) (dismissing negligence claim because *res ipsa loquitur* "is a rule of evidence and not a separate theory of recovery").

And Count III fails to resolve any of the deficiencies identified in the Order. *First*, this Court recognized that the Illinois Workers' Compensation Act ("IWCA") abrogates employer liability for common law negligence. Order at 7 (citing *Baylay v. Etihad Airways P.J.S.C.*, 881 F.3d 1032, 1038–39 (7th Cir. 2018)). *See also Arnold v. Janssen Pharmaceutica, Inc.*, 215 F. Supp. 2d 951, 957 (N.D. Ill. 2002) ("[T]he IWCA abrogates employer liability for all common law negligence claims[.]"). That can and should end the analysis.

---

[3] The only exception to this rule is not implicated here:  "where a disclosure is made to a small number of people who have a 'special relationship' with the plaintiff." *Cordts*, 369 Ill. App. 3d at 607.  Plaintiffs cannot and do not allege any special relationship with Defendants.

*Second*, the Court held that the negligence "allegations fail to state a claim for the same reasons as [Plaintiffs'] invasion of privacy claim." Order at 6. Plaintiffs' solitary substantive change to their negligence count is to include the phrase "workplace-wide" when discussing the publication of Plaintiffs' alleged PHI. SAC ¶ 214. However, as explained above as to the privacy claim, that is insufficient to constitute disclosure to the public at large.

### D.     Count IV:  Plaintiffs Lack any Violation for a Whistleblower Act Claim.

Count IV of the SAC again attempts to assert a claim under Section 20 of the Illinois Whistleblower Act. As before, Plaintiffs allege that participation in Defendants' COVID-19 vaccination policy would violate an FAA regulation, 14 C.F.R. § 61.53. FAC ¶ 218; SAC ¶ 219. But as noted by the Court, Plaintiffs' FAC failed to allege *how* Defendants' vaccination policy violates this regulation, especially considering that the FAA determined that COVID-19 vaccinations were safe months before any of the conduct at issue in the Complaint. *See* Order at 7–8. The SAC fails to address this defect in any way.

Instead, given they have no viable FAA-regulation violation, Plaintiffs amended their complaint to state that "if [D]efendants had not violated [the FDA Act], they would not have had to violate Title  VII" and claim such "violations trigger[] the Illinois Whistleblower Act liability alleged herein." SAC ¶¶ 218; *see also id.* ¶ 221. This fails for two reasons.

*First*, it confuses the necessary elements to state a claim under the Illinois Whistleblower Act:  Plaintiffs must plausibly allege that each Plaintiff was punished for *his/her refusal* to participate in an activity that would result in a violation of a state or federal law, rule, or regulation. *Roberts v. Bd. of Trs. of Cmty. Coll. Dist. No. 508*, 135 N.E.3d 891, 900–01 (Ill. 2019). But Plaintiffs make no such allegations. Rather, Plaintiffs now argue that *Defendants' practices*—not any illegal actions that Plaintiffs refrained from—would violate federal law.

*Second*, regardless, Plaintiffs have failed to allege a viable cause of action under the FDA Act or Title VII for the reasons stated in Sections I.A and I.E.

**E.  Plaintiffs' Title VII Claims Fail Both Exhaustion and to Allege the Elements.**

In its Order, the Court dismissed all of Plaintiffs' Title VII claims in their entirety, under three liability theories: reasonable accommodation, disparate treatment, and hostile work environment.  *See* Order at 8–15.  The SAC does not cure these legal defects.

1.   Failure to Administratively Exhaust

In prior briefing, Defendants explained that none of the Title VII claims (or GINA claims) can state a claim because (1) each Plaintiff failed to adequately allege filing a charge with the EEOC *and* receiving a right to sue notice, and (2) there is no "futility" exception to these mandatory statutory exhaustion requirements.  *See* ECF No. 17 at 8–10; ECF 28 at 9–10.  The SAC does not address or attempt to resolve those problems.  Accordingly, the Court can dismiss all of these federal employment claims under Title VII and GINA for lack of administrative exhaustion, without reaching any other issue.  Each specific plaintiff needs to exhaust and none specifically have alleged doing so.

2.   Count V:  Failure to Accommodate

The SAC, like its prior iteration, fails to allege any facts relating to the particular experiences with Defendants' vaccination policy, now, for 21 of the 28 Plaintiffs.  Accordingly, as the Court held, "[i]t is impossible to tell from the complaint whether these twenty-[one] [P]laintiffs were affected by United's COVID-19 vaccine mandate, let alone how[.]"  Order at 9.  Indeed, Plaintiffs do not allege whether any of these Plaintiffs requested an accommodation, and if so, how they were subsequently treated by Defendants.  *Id.*; *see also, e.g.*, *Phillips v. Harbor Venice Mgmt., LLC*, 2020 WL 495224, at *5 (M.D. Fla. Jan. 30, 2020) (dismissing failure-to-accommodate claim where plaintiff failed to "articulate when, where, or to whom [she] requested

reasonable accommodations [or] what reasonable accommodations she requested"). Nor does the SAC contain any allegations indicating what, if any, adverse action these 21 Plaintiffs ever suffered due to their failure to comply with Defendants' vaccination policy—a fatal deficiency in and of itself. *See E.E.O.C. v. United Parcel Serv.*, 94 F.3d 314, 317 (7th Cir. 1996).[4]

The revised allegations for the three Plaintiffs (*i.e.*, Breitsprecher, Campbell, and Rozell) for whom Plaintiffs previously included some individual allegations fare no better. As to these Plaintiffs, the Court held they failed to state a claim because the FAC did "not plausibly suggest that those [P]laintiffs' religious practices were a 'motivating factor'" in any adverse action. Order at 10. As for Campbell, he still fails (*compare* FAC ¶ 17 *with* SAC ¶ 17) to offer any "clue what 'non-compliance' means in this context [or] allege that his 'non-compliance' had anything to do with his religious practices." Order at 11. As for Breitsprecher, the SAC now states, in a conclusory manner, that Plaintiff was denied a religious accommodation "without good cause[,]" *see* SAC ¶ 15, further states that United acted with "the 'motive of avoiding the need for accommodating [Breitsprecher's] religious practice," *id.* ¶ 219, but fails to provide any factual support. Plaintiffs cannot avoid dismissal with these type of "[l]egal conclusions and conclusory allegations that . . . are not entitled to a presumption of truth." *Brown*, 2018 WL 3122174, at *1; *Columbia Coll. Chi.*, 933 F.3d at 854 (court must dismiss a complaint without "particularized factual content").[5] *See also* Atlas Order at 12 (dismissing as "entirely conclusory [and not]

---

[4] In fact, the SAC clarifies that numerous Plaintiffs are *current* employees of United—by revising "employee or former employee" to read only "employee" (*e.g.*, SAC ¶¶ 18-21)—thus undermining that Defendants took any adverse action. To the extent Plaintiffs rely on United's masking and testing requirements, it is likewise insufficient. *See* ECF No. 17 at 12–13; Order at 14; *see also Porter v. City of Chicago*, 700 F.3d 944, 954 (7th Cir. 2012).

[5] Elsewhere, the SAC includes a similarly conclusory allegation the Court cannot credit, in which Plaintiffs state that their "religious practices" were a "motivating factor" for Defendants' conduct. *See* SAC ¶ 220.

demonstrat[ing] that [airline's] COVID-19 policies targeted anyone based on their religion" the assertion, under Title VII, that Defendants engaged in disparaging and unfavorable treatment concerning "Plaintiffs' religious beliefs"). As for Rozell, the SAC now states that he was on a three-week vacation during the time Defendants allowed their employees to seek an accommodation, *see* SAC ¶ 33, but this does not make Defendants' deadline "arbitrary or discriminatory." *See* Order at 11 ("Faced with the global COVID-19 pandemic, it is not reasonable to infer that United's simple imposition of a deadline was arbitrary or discriminatory."). As the Court recognized, "Rozell's allegation that his request for an accommodation was denied due to his failure to meet a neutral deadline suggests that his religious practices were not 'a motivating factor' in the denial of his religious exemption." Order at 11–12.

Finally, the SAC includes superficial new information related to four other Plaintiffs (*i.e.*, Thomas Anderson, Tom Floyd, Sylvia Fitch-McConnell, and Frank Quintas). It states that Anderson, Floyd, and Quintas were "constructively discharged" and "forced to retire[,]" see SAC ¶¶ 14, 22, 32, and Fitch-McConnell was "terminated." See SAC ¶ 27. Absent from the SAC, however—just like the allegations for Breitsprecher, Campbell, and Rozell—and for the 21 Plaintiffs devoid of any specifics, are any facts plausibly reflecting that their religion was a motivating factor for Defendants to allegedly take these actions. *See* Order at 12.

3.     <u>Counts VI-VII: Disparate Treatment and Hostile Work Environment</u>

The FAC and SAC are nearly identical as it relates to Plaintiffs' disparate treatment and hostile work environment claim under Title VII. *See* Exhibit A. As for disparate treatment, Plaintiffs revised only a single allegation (buried in the accommodation count), now stating that Plaintiff Anderson was "singled out for retribution by Defendants" due to his "religious exemption claim" while others who received one of the COVID-19 vaccines were "treated disparately-

amicably by Defendants." *See* SAC ¶ 235 (vi). And for a hostile work environment, the SAC does not revise or add a single relevant allegation.

The Court's Order resolves these claims once again. The Court rejected all of the Plaintiffs' disparate treatment and harassment claims because they alleged vaccination-status discrimination, not discrimination on the basis of religion. Specifically, as to disparate treatment, the Court ruled that Plaintiffs had to "demonstrate that the decisionmaker selected or reaffirmed a particular course of action at least in part because of, *not merely in spite of*, its adverse effects on [Plaintiffs]." Order at 13 (quoting *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012)) (emphasis added). Regarding Plaintiffs' amendment as to Anderson alone, the new allegation does not move the needle because it still alleges vaccination-discrimination (which Title VII does not protect): namely, this Plaintiff claims he was treated worse than the *vaccinated* employees. As to unamended harassment allegations, as the Court recognized before, Plaintiffs have "not alleged that the harassment [they] faced was based on [ ] religion." Order at 14 (collecting cases).

Previously, in their reply in support of leave, Plaintiffs sought to rebut that they were improperly relying on vaccination status by claiming their case is similar to "the scenario that occurred [in] *Bostock v. Clayton County, Georgia*, 140 S. Ct. 1731 (2020)" and offering a hypothetical about pork consumption. *See* ECF No. 29 at 13–14. Those arguments fail.

*First*, *Bostock* offers no support because its holding relied on the principle that evidence of discrimination exists if the employer would not have taken the same action against someone outside the protected class (there, "sex") who engaged in the same or similar conduct. Specifically, the *Bostock* court reasoned that an employer who discriminates against a homosexual employee would not take the same action against that employee if everything were held constant except sex—namely, an employer who "will not employ anyone who is homosexual" is penalizing male

10

employees for being attracted to men, but not penalizing female employees who are likewise attracted to men. *See Bostock*, 140 S. Ct. at 1745. Thus, sex is the independent variable causing the employer's adverse action. By contrast, here, as United's motion to dismiss explained, the SAC admits that Defendants treated (i) vaccinated religious employees the same as all other vaccinated employees and (ii) unvaccinated non-religious employees (*i.e.*, medically exempt employees) the same as unvaccinated religious employees. *See* ECF 17 at 13–14. Thus, unlike in *Bostock*, holding the protected characteristic constant (here, "religion") reveals no discrimination.

*Second*, Plaintiffs' hypothetical is that Defendants are improperly arguing that "they only discriminated against their employees because they did not eat bacon the company wanted them to eat, ignoring the fact that certain employees could not eat bacon without violating their religious beliefs." ECF No. 29 at 14. But this hypothetical fails for the same reason *Bostock* does not apply. Holding religion constant, the employer treats all those who do not eat pork the same.

### F.    Counts VIII-IX:  Genetic Information Non-Discrimination Act (GINA).

This Court definitively rejected each of Plaintiffs' GINA claims on the law. *First*, the Court held that discrimination based on vaccine status "does not implicate GINA" because the COVID-19 vaccines do not qualify under the statute's definition of genetic tests. Order at 15–17. As to Plaintiffs' claim that "United violated GINA by requiring COVID-19 tests," the Court ruled that, in addition to being forfeited, Plaintiffs' "allegations are insufficient to state a GINA claim" because the PCR test likewise does not meet the statutory definition. *Id.* at 15 n.2.

The wall of precedent rejecting COVID-19 GINA claims has only grown stronger over time, including recent authority from the Northern District of Illinois. *See* ECF No. 17 at 17; *Ries v. City of Chi.*, 2023 WL 6126726, at *1–3 (N.D. Ill. Sept. 19, 2023) (Leinenweber, J.) (rejecting employee's COVID-19 vaccine claim under GINA and dismissing claim with prejudice); *Homer v. Penn. State Univ.*, 2023 WL 5154699, at *6–7 (W.D. Pa. Aug. 10, 2023) (holding COVID-19

testing not genetic testing under GINA); *McKinley v. Princeton Univ.*, 2023 WL 3168026, at \*3 (D.N.J. Apr. 28, 2023) (rejecting COVID-19 testing GINA claim on the pleadings).[6]

G.     **Count X:  Plaintiffs Lack a Cause of Action and Viable Constitutional Claim.**

This Court already ruled that "section 1983 does not apply in this case because [Plaintiffs'] allegations center exclusively on the federal government, not the state." *See* Order at 17–18; *see also Ciraci v. J.M. Smucker Co.*, 62 F.4th 278, 287 (6th Cir. 2023) (concluding in a similar COVID-19 case that "§ 1983 has no role to play").  The Court further decided that "*Bivens* also does not apply here."  Order at 18; *see also* Atlas Order at 13 (finding that *Bivens* did not apply in a case against a private corporation implementing a mandatory COVID-19 vaccination policy). Despite the Court's dispositive rulings, the SAC continues to allege constitutional claims against Defendants under Section 1983 and a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 38 (1971).  This, alone, demonstrates the futility of Count X since Plaintiffs lack any viable cause of action on which to base a constitutional claim.

If this were not enough, the SAC fails to address any of the other deficiencies raised in Defendants' prior briefing.  Indeed, the SAC lacks allegations showing how the private company or its directors, officers, or employees could be considered state actors.  *See* ECF No. 17 at 17–21;

---

[6] Plaintiffs cannot evade the Court's Order and other authorities with the "[l]egal conclusion[] . . . not entitled to a presumption of truth," *Brown*, 2018 WL 3122174, at \*1, added to the SAC that COVID-19 PCR testing "is capable of detecting genotypes, mutations or chromosomal changes."  SAC ¶ 289.  Under GINA's statutory terms, to be genetic information, the test must either be "*an analysis of human DNA, RNA . . . that detects* genotypes, mutations, or chromosomal changes" or identify predispositions to "a disease or disorder in family members of [an] individual."  42 U.S.C. § 2000ff (7)(A), (4)(A) (emphasis added).  As a test for a non-hereditary condition, COVID-19 testing cannot implicate these definitions, as courts uniformly hold.  *E.g.*, *Gross v. N. Dakota Univ. Sys.*, 2022 WL 2612121, at \*3 (D.N.D. Jan. 10, 2022) (rejecting COVID-19 testing claim and recognizing that, similarly, HIV testing would not implicate GINA); *Taylor v. Vanderbilt Univ.*, 2023 WL 2398761, at \*3, 8 (M.D. Tenn. Jan. 23, 2023) (COVID-19 PCR testing "does not violate GINA" based on the statute's definitions).

ECF No. 28 at 11. Nor does the SAC do anything to overcome (a) the applicability of *Jacobson v. Massachusetts*, 197 U.S. 11 (1905) that approved mandatory vaccination under the Constitution, or (b) the lack of any fundamental right to avoid vaccinations or not to disclose vaccine status. *See* ECF No. 17 at 18; ECF No. 28. at 10.

### H. Counts XI-XII: Plaintiffs Still Lack Any Valid Claim For Intentional or Negligent Infliction of Emotional Distress (IIED or NIED).

The SAC adds nothing to remedy Plaintiffs' threadbare recital of the IIED and NIED elements in Counts XI and XII, respectively. Indeed, these two Counts are identical in the FAC and SAC and none of the other minor revisions elsewhere in the SAC bolsters these claims in any way. *Compare* SAC ¶¶ 319–28 *with* FAC ¶¶ 333–42. This Court concluded Plaintiffs "forfeited [these] claims" by failing to address any of United's arguments for dismissal. Order at 20. There is no basis for Plaintiffs to have another bite at the apple with identical allegations.

Moreover, these claims fail for the reasons set forth in United's motion to dismiss and prior leave opposition, specifically, the IWCA bars the NIED claim (just as it bars negligence); and the IIED claim fails to plausibly allege facts supporting (a) outrageousness, (b) intent to cause harm by Defendants or (c) severe emotional distress. *See* ECF No. 17 at 24, 21–23. As such, the SAC fails to state any viable claim for IIED or NIED.

## II. The SAC Remains a Shotgun Pleading and States No Claim Against the Individual Defendants.

***Shotgun Pleading.*** The SAC also continues to be a shotgun pleading. *See* ECF No. 17 at 2–3. Among other things, it continues to lack specifics as to each of the many Plaintiffs' non-class claims and any particularized allegations as to the individual Defendants. Plaintiffs do not seek to add *any* factual allegations about the bevy of individual Defendants who do not belong in this case. Because the Plaintiffs have not resolved the defects United raised in its motion to dismiss, and a shotgun pleading cannot meet the Rule 12(b)(6) standards, the Court can deny the motion for leave

(and enter judgment) on this basis alone. Indeed, another court recognized that Plaintiffs' counsel's near carbon-copy COVID-19 complaint against another airline was "a quintessential shotgun pleading in violation of Rule 8(a)(2)." *Estate of Lane Caviness v. Atlas Air, Inc.*, No. 1:22-cv-23519-KMM (S.D. Fla.), ECF. No. 59; *id.* at ECF No. 39.

***Individual Defendants.*** Plaintiffs assert Counts I, II, III, IV, XI and XII against all of the Defendants, including United. None of these counts states a legal claim against any Defendant, however, these claims further fail against the individual Defendants. Like the rest of this shotgun pleading, they fail to specify what particular allegedly wrongful conduct any of these over 30 individuals committed. *See Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013).

To illustrate, Counts II and III contest the disclosure of alleged PHI, yet the Defendants include United's Board of Directors who had no role in this (or any of the conduct in the Complaint for that matter). Count IV fails against the individual Defendants for the further reason that the Whistleblower Act only permits liability as to "employers." *See Parker v. Ill. Hum. Rts. Comm'n*, 2013 WL 5799125, at *9 (N.D. Ill. Oct. 25, 2013) (Whistleblower Act "allow[s] actions only against the entity that actually employed the plaintiff, not against individual employees of that entity"). Officers, directors, and managers are not Plaintiffs' "employer."[7]

---

[7] Finally, it is unclear whether Plaintiffs' claims under Title VII and GINA are brought against just United, or also cover the individual Defendants. While the heading suggests only United, the substantive allegations refer to plural "[d]efendants" (without specifying which ones). If Plaintiffs seek to press these claims against the individual Defendants, they cannot state a claim. *See Bumphus v. UniQue Pers. Consultants*, 2018 WL 1565609, at *4 (S.D. Ill. Mar. 30, 2018).

## CONCLUSION

Because the SAC fails to state a single, viable cause of action, Defendants request that the

Court deny leave to amend and enter judgment in favor of Defendants.  *See* Order at 20.


Dated: October 20, 2023

Respectfully submitted,

/s/ *Jordan M. Matthews*
Jordan M. Matthews
jmatthews@jonesday.com
JONES DAY
110 N. Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

Donald J. Munro
dmunro@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

Alexander V. Maugeri (*pro hac vice*)
amaugeri@jonesday.com
JONES DAY
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2023, I electronically filed a true and correct copy of the foregoing with the Clerk of Court via CM/ECF, which will send notice of the same to all parties of record.

*/s/ Jordan M. Matthews*