# EXHIBIT B

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:22-cv-23519-KMM

ESTATE OF LANE CAVINESS, *et al.*,

    Plaintiffs,

v.

ATLAS AIR, INC., *et al.*,

    Defendants.

_____/

## **ORDER**

THIS CAUSE came before the Court upon Defendants' Consolidated Motion to Dismiss the Second Amended Complaint. ("Mot." or "Motion") (ECF No. 66). Plaintiffs filed a Response in Opposition to the Motion to Dismiss ("Response") (ECF No. 69). Defendants then filed a Reply in Support of the Motion to Dismiss ("Reply") (ECF No. 70). Plaintiffs' First Amended Complaint was previously dismissed without prejudice as a shotgun pleading. (ECF No. 59). As set forth below, the Court GRANTS Defendants' Motion and DISMISSES Plaintiffs' Second Amended Complaint WITHOUT PREJUDICE. ("SAC") (ECF No. 63).

**I.   FACTUAL BACKGROUND**

Plaintiffs are pilots, flight attendants, and ground staff who work at Atlas Air, Inc. ("Atlas Air") or Flight Services International, LLC ("FSI"), who either remained unvaccinated due to their religious beliefs or became vaccinated despite their religious beliefs. SAC ¶¶ 12–15. Plaintiffs filed suit against Atlas Air and FSI asserting ten claims arising out of the companies' COVID-19 vaccination policies. *See generally id.* Against each Defendant, Plaintiffs allege the following five causes of action: invasion of privacy through public disclosure of private facts, creation of a hostile work environment, violation of § 1983, infliction of emotional distress, and negligence. *Id.*

¶¶ 93–246. Defendants contend that all claims against FSI and claims against Atlas Air from Plaintiffs without ties to Florida should be dismissed for lack of personal jurisdiction, all claims against FSI should be dismissed due to a mandatory arbitration clause, and the SAC fails to state any claim upon which relief can be granted. *See generally* Mot.

## II.  LEGAL STANDARD

### A.  Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) permits a defendant to move to dismiss a claim for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). When considering a motion to dismiss for lack of personal jurisdiction, a court must accept the facts alleged in the plaintiff's complaint as true, to the extent that they are not contradicted by defendant's affidavits. *See Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988); *Corneal v. CF Hosting, Inc.*, 187 F. Supp. 2d 1372, 1373 (S.D. Fla. 2001); *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989). Once the plaintiff pleads sufficient material facts to form a basis for personal jurisdiction, the burden shifts to the defendant to challenge the plaintiff's allegations by affidavits or other pleadings. *See Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000); *Venetian Salami Co.*, 554 So. 2d at 502. When the nonresident defendant meets this burden, the plaintiff must substantiate the jurisdictional allegations in its complaint by affidavits or other competent proof and may not merely rely upon the factual allegations set forth in the complaint. *See Future Tech. Today, Inc.*, 218 F.3d at 1249; *Venetian Salami Co.*, 554 So. 2d at 502.

The court's determination of whether personal jurisdiction over a nonresident defendant exists requires a two-part analysis. *D.W. Mercer, Inc. v. Valley Fresh Produce, Inc.*, 146 F. Supp. 2d 1274, 1276 (M.D. Fla. 2001). First, the court must consider the jurisdictional question under Florida's long-arm statute. *See id.*; *see also* FLA. STAT. § 48.193. A defendant can be subjected

to personal jurisdiction under Florida's long-arm statute in two ways: (1) FLA. STAT. § 48.193(1) enumerates various acts that subject a defendant to specific personal jurisdiction—that is, jurisdiction over suits that arise out of or relate to a defendant's contacts with Florida; or (2) FLA. STAT. § 48.193(2) provides that, regardless of whether the claim arises from a defendant's activities in Florida, a Florida court may exercise general personal jurisdiction over a defendant "who is engaged in substantial and not isolated activity within this state." FLA. STAT. § 48.193(1)-(2). If there is a basis for the assertion of personal jurisdiction under the state statute, the court will next determine "whether sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *D.W. Mercer, Inc.*, 146 F. Supp. 2d at 1276 (citing *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 256 (11th Cir. 1996)). Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a nonresident defendant. *See Robinson*, 74 F.3d at 256.

"The reach of the Florida long-arm statute is a question of Florida law." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1271 (11th Cir. 2002) (cleaned up) ("[F]ederal courts are required to construe [such law] as would the Florida Supreme Court." (alterations in original)). As used in § 48.193(1)(a), "the term 'arising from' is somewhat broader than the concept of proximate cause," thus, "under Florida law there must nevertheless be some 'direct affiliation,' 'nexus,' or 'substantial connection' between the cause of action and the activities within the state." *St. Martinus Univ., NV v. Caribbean Health Holding, LLC*, No. 19-22278-CIV, 2020 WL 956301, at *10 (S.D. Fla. Feb. 27, 2020), *appeal dismissed sub nom. St. Martinus Univ. v. Caribbean Health Holding, LLC*, No. 20-11991-EE, 2020 WL 7018197 (11th Cir. Sept. 28, 2020). Courts strictly construe Florida's long-arm statute in favor of the nonresident defendant.

*Stonepeak Partners, LP v. Tall Tower Cap., LLC*, 231 So. 3d 548, 552 (Fla. Dist. Ct. App. 2017). "[U]nder Florida law, a nonresident defendant commits 'a tortious act within [Florida]' when he commits an act outside the state that causes injury within Florida." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1353 (11th Cir. 2013) (quoting *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008)).

### B. Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). This requirement "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and alterations omitted). The court takes the plaintiff's factual allegations as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

A complaint must contain enough facts to plausibly allege the required elements. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295–96 (11th Cir. 2007). A pleading that offers "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

### III. DISCUSSION

### A. All Claims Against FSI and Most Claims Against Atlas Air Are Dismissed for

**Lack of Personal Jurisdiction**

The Court will first address both Defendants' claim that this Court lacks personal jurisdiction because "[a] court without personal jurisdiction is powerless to take further action." *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999). As noted earlier, in assessing whether a nonresident defendant is subject to the exercise of personal jurisdiction, federal courts must determine "whether the exercise of jurisdiction (1) comports with the long-arm statute of the forum . . . ; and (2) does not violate the Due Process Clause." *Virgin Health Corp. v. Virgin Enterprises Ltd.*, 393 F. App'x 623, 626 (11th Cir. 2010).

**1. General Personal Jurisdiction**

Under Florida's long-arm statute, general jurisdiction "extends to the limits on personal jurisdiction imposed by the Due Process Clause of the Fourteenth Amendment." *Fraser v. Smith*, 594 F.3d 842, 846 (11th Cir. 2010) (discussing Florida law). Thus, determining whether general personal jurisdiction is proper is a one-step inquiry which requires courts to determine whether the exercise of jurisdiction over a defendant would exceed constitutional bounds. *Id.*

In *Daimler AG v. Bauman*, the U.S. Supreme Court concluded that the "paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business." 571 U.S. 117, 118 (2014). The Eleventh Circuit has explained that, outside of these paradigmatic circumstances, a corporate defendant will be considered at home in the "exceptional case" where it has operations that are "so substantial and of such a nature as to render the corporation at home in that state." *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1317 (11th Cir. 2018) (discussing *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 412 (2017)).

Here, Plaintiffs concede that Atlas Air is incorporated in Delaware and its principal place of business is New York. SAC ¶ 16. However, Plaintiffs allege that Atlas Air does "a high

5

percentage of their business and stage[s] a high percentage of their flights in and around southern Florida and the Miami International Airport" and trains many employees in Miami. *Id.* at ¶ 24. Because Florida is not one of Atlas Air's paradigm forums, the question becomes whether this is an "exceptional case." The Court finds that it is not. While Atlas Air may conduct business in Florida, *Daimler* expressly rejected the availability of general jurisdiction "in every State in which a corporation engages in a substantial, continuous, and systematic course of business." 571 U.S. at 119 (internal quotation marks omitted).

Plaintiffs also rely on *Mallory v. Norfolk Southern Railway Co.* to argue that the instant Action can be tried in Florida even though the events of this case did not take place in Florida. 143 S. Ct. 2028 (2023) (holding that a nonresident defendant's accession to Pennsylvania's business registration statute amounted to consent to personal jurisdiction). The Court is unconvinced. In *Waite*, the Eleventh Circuit explained that Florida law does not establish that a foreign corporation's registration to do business in Florida amounts to consenting to general jurisdiction in Florida courts. *See* 901 F.3d at 1320. Thus, *Mallory* does not apply here.

It is also undisputed that FSI is a Texas limited liability company with its principal place of business in Texas. SAC ¶ 20. For the same reasons articulated above, the Court finds that it does not have general jurisdiction over FSI.

### 2. Specific Personal Jurisdiction

Atlas Air and FSI are subject to specific jurisdiction under Florida's long-arm statute if either company's activities meet any of the enumerated acts listed in FLA. STAT. § 48.193(1).[1] The

---

[1] Florida's long-arm statute states, in relevant part:
>  (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself . . . to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts: . . . .

SAC asserts that this Court has specific personal jurisdiction over Atlas Air and FSI because "Defendants engaged in unlawful acts regarding the COVID-19 vaccine mandates through acts within the state of Florida . . . that caused harm to numerous plaintiffs in the state of Florida." SAC ¶ 23. Atlas Air argues that, with respect to those Plaintiffs who do not work in Florida, the Court lacks specific jurisdiction because Plaintiffs have not explained how their claims arise from Atlas Air's contacts in the forum state. Mot. at 9–11. Similarly, FSI asserts that the SAC contains zero allegations regarding FSI's Florida contacts related to this lawsuit. *Id.* at 13.

"A court may exercise specific jurisdiction over a nonresident defendant only when the plaintiff's cause of action arises from or is directly related to a defendant's contacts with the forum state." *Design-Build Concepts, Inc. v. Jenkins Brick Co.*, No. 06-CV-558, 2008 WL 686150, at *2 (N.D. Fla. March 10, 2008) (citing *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 n.3 (11th Cir. 2006)). Thus, specific jurisdiction requires connectivity, or some "direct affiliation, nexus, or substantial connection between the cause of action and the [defendant's] activities within the state." *Sun Trust Bank v. Sun Int'l Hotels, Ltd.*, 184 F. Supp. 2d 1246, 1269 (S.D. Fla. 2001) (internal quotation marks omitted) (quoting *Citicorp Ins. Brokers (Marine) Ltd. v. J.R. Charman*, 635 So. 2d 78, 81 (Fla. Dist. Ct. App. 1994)).

The Court's exercise of personal jurisdiction over a nonresident defendant must also

---

2. Committing a tortious act within this state. . . .
6. Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
    a. The defendant was engaged in solicitation or service activities within this state; or
    b. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

FLA. STAT. § 48.193(1).

comport with the due process requirements of the United States Constitution. Federal courts in the Eleventh Circuit apply a three-prong due process test in specific personal jurisdiction cases, "which examines (1) whether the plaintiff's claims 'arise out of or relate to' at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant 'purposely availed' himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's law; and (3) whether the exercise of personal jurisdiction comports with 'traditional notions of fair play and substantial justice.'" *Louis Vuitton*, 736 F.3d at 1355 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–75 (1985)). "The plaintiff bears the burden of establishing the first two prongs, and if the plaintiff does so, 'a defendant must make a "compelling case" that the exercise of jurisdiction would violate the traditional notions of fair play and substantial justice.'" *Id.* (quoting *Diamond Crystal Brands*, 593 F.3d at 1267).

First, FSI lacks minimum contacts with Florida under the traditional "minimum contacts" test. Under that test, courts "assess the nonresident defendant's contacts with the forum state and ask whether those contacts: (1) are related to the plaintiff's cause of action; (2) involve some act by which the defendant purposely availed himself of the privileges of doing business with the forum; and (3) are such that the defendant should reasonably anticipate being haled into court in the forum." *Louis Vuitton*, 736 F.3d at 1357 (citing *SEC v. Carrillo*, 115 F.3d 1540, 1542 (11th Cir. 1997)). Here, FSI has no direct or personal contacts with Florida. The SAC does not assert that FSI developed any of its COVID-19 policies in Florida or disseminated Plaintiffs' private information within Florida. *See generally* SAC. Nor are any FSI Plaintiffs based in Florida. Plaintiffs allege that FSI employees complete their training in Miami, but make no connection between the training and the alleged harm suffered when the Plaintiffs became vaccinated or remained unvaccinated.

Nor does FSI satisfy the "effects" test. Under this test, the exercise of personal jurisdiction in the context of an intentional tort is proper where the tort: "(1) was intentional; (2) was aimed at the forum state; and (3) caused harm that the defendant should have anticipated would be suffered in the forum state." *Louis Vuitton*, 736 F.3d at 1356 (alterations incorporated). Here, there is no indication that the conduct underpinning Plaintiffs' invasion of privacy claims against FSI was aimed at Florida. FSI's only connection to Florida is sending its flight attendants to attend training at Atlas Air's Miami facility. None of the FSI Plaintiffs are based in Florida.

For these reasons, the Court finds that it lacks personal jurisdiction over FSI. Accordingly, the Court grants the Motion to Dismiss as to FSI, and all claims against FSI are dismissed without prejudice. Having found that the Court lacks personal jurisdiction over FSI, the Court need not address the arbitration clause and failure to state a claim arguments regarding Counts VI through X. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007).

With respect to claims from Plaintiffs that do live in Florida or have Florida as their work location, the Court finds that it has specific personal jurisdiction over Atlas Air. Atlas Air purposefully availed itself of the privileges of doing business with Florida by employing staff in Florida and by implementing COVID-19 policies that governed its Florida-based employees. *See Louis Vuitton*, 736 F.3d at 1357. The COVID-19 testing and vaccination requirements implemented by Atlas Air necessarily affected employees at their workplace and their home. Given these contacts, Atlas Air should reasonably anticipate being haled into Florida court for claims arising out of its employment policies by Plaintiffs who live in Florida or have Florida as their work base.

On the other hand, Atlas Air lacks minimum contacts and fails the effects test with respect to the claims from Plaintiffs who do not work or live in Florida. Atlas Air contends that 47 of the

9

84 Plaintiffs suing it do not live in Florida or have Florida as their work base of operation. *See* Declaration of Carleen A. Ybarra at 4–6 ("Ybarra Decl.") (ECF No. 66-2). These Plaintiffs' sole connection to Florida seems to be that they completed their training in Miami. *See* SAC ¶ 20; Response at 10. But the SAC fails to explain what, if any, illegal conduct by Atlas Air occurred in Florida during any employee's training. Thus, these Plaintiffs' claims do not relate to the forum state.

Plaintiffs request for this Court to conduct an evidentiary hearing so that they may explain how personal jurisdiction is proper "due to issues with numerosity of Plaintiffs" and wanting to "avoid[] exceeding the page limits." Response at 10. There is a vehicle that could have solved Plaintiffs' numerosity issue: the class action. The Court cannot reward Plaintiffs for skirting personal jurisdiction requirements as to each Plaintiff when they could have filed a class action lawsuit. Accordingly, the claims against Atlas Air with respect to Plaintiffs who do not live in Florida or have Florida as their base of operation are dismissed.

### B. The Remaining Counts Against Atlas Air Are Dismissed for Failure to State a Claim

Of the 84 Plaintiffs suing Atlas Air, 37 have some connection to Florida in that they live in Florida and/or have Florida as their work base location. Ybarra Decl. at 4–6. Nevertheless, the remaining claims against Atlas Air are dismissed for failure to state a claim.

#### 1. Count I: Invasion of Privacy

In Count I, Plaintiffs assert a claim for invasion of privacy by public disclosure of private facts. Under Florida law, the elements of the tort of invasion of privacy are: (1) the publication, (2) of private facts, (3) that are offensive, and (4) are not of public concern. *Spilfogel v. Fox Broad. Co.*, 433 F. App'x 724, 725 (11th Cir. 2011) (citing *Cape Publ'ns, Inc. v. Hitchner*, 549 So.2d

1374, 1377 (Fla. 1989)). In this claim, Plaintiffs allege that Atlas Air gave publicity to Plaintiffs' protected private health information ("PHI") by publishing the information throughout the company and by forcing Plaintiffs to wear face masks, "effectively amplifying and broadcasting their PHI" to others. SAC ¶ 95. Defendants argue that Plaintiffs have failed to sufficiently allege each element of the invasion of privacy tort. Mot. at 20–22.

Plaintiffs do not respond to Atlas Air's argument that Atlas Air never published any PHI to the public at large. Nonetheless, the Court agrees with Atlas Air. To constitute publication, "the publicity given to private facts must be to the public at large or to so many persons that the matter must be regarded as substantially certain to become public knowledge." *Regions Bank v. Kaplan*, No. 17-15478, 2021 WL 4852268, at *13 (11th Cir. Oct. 19, 2021) (quoting *Williams v. City of Minneola*, 575 So. 2d 683, 389 (Fla. Dist. Ct. App. 1991). It is unclear how many employees at Atlas Air were given PHI belonging to another employee. Mot. at 20–21. Even so, the Court finds that publication within Atlas Air is not a disclosure to the public at large or a disclosure that is substantially certain to become public knowledge. Nor does the Court find that wearing a face mask would broadcast PHI to others. *See, e.g., Leake v. Raytheon Techs. Corp.*, No. CV-22-00436-TUC-RM, 2023 WL 2242857, at *5 (D. Ariz. Feb. 27, 2023) (finding that "masking requirements for vaccination-exempt employees does not create a 'scarlet letter' effect because the employees could be vaccination-exempt for a multitude of reasons, or the masking employees could be vaccinated but simply want the added facial protection").

Accordingly, the invasion of privacy claim against Atlas Air is dismissed.

### 2.  Count II:  Hostile Work Environment

To state a Title VII hostile work environment claim, an employee must prove that "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently

severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). Atlas Air contends that this claim should fail because Plaintiffs have not alleged sufficiently severe harassment or that any harassment was based on religion. The Court agrees.

The only allegations regarding actions that Plaintiffs contend constituted harassment involved Atlas Air's face mask and vaccination requirements. Plaintiffs allege that they faced "severe and persistent pressure" to become vaccinated, "disparaging and unfavorable treatment" by coworkers, and "unwelcomed comments about . . . Plaintiffs' religious beliefs." SAC ¶ 110. These allegations are entirely conclusory, do not demonstrate that Atlas Air's COVID-19 policies targeted anyone based on their religion, and cannot withstand a motion to dismiss. The only remotely non-conclusory allegations come from one Plaintiff's experiences described in the SAC and in an affidavit attached to Plaintiffs' Response. James Villella claims that he was subjected to an Article 19 disciplinary hearing after he failed to comply with Atlas Air's COVID-19 testing policy and was removed from flight status as retaliation for his religious beliefs. *Id.* ¶ 80. He also states that union representatives ridiculed and mocked him for his religious beliefs during a phone call. Declaration of James Villella at 2–3 ("Villella Decl.") (ECF No. 69-3). These allegations do not rise to the level of severity and abuse necessary to constitute a hostile work environment, nor is it clear how the behavior of union representatives can be attributed to Atlas Air. Thus, Plaintiffs have failed to state a hostile work environment claim.

### 3. Count III: Section 1983 and *Bivens*

In Count III, Plaintiffs assert constitutional claims against Atlas Air under 42 U.S.C. § 1983 or, in the alternative, under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). The claims lack merit under both theories.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege deprivation of constitutional rights and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Court finds that Plaintiffs have not sufficiently alleged that Atlas Air was acting under color of state law. As the Eleventh Circuit has explained, "[o]nly in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir.1992). Indeed, to hold that private parties like Atlas Air are state actors, this court must conclude that Atlas Air satisfies one of the three tests for establishing state action by what is otherwise a private person or entity: (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) "the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[]" ("nexus/joint action test"). *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001). Plaintiffs merely allege that "Atlas was a government actor" because "it has taken decisive employment actions that have caused Atlas Plaintiffs harm that is so impregnated with governmental character that it can be regarded as government action." SAC ¶ 132. This statement is a quintessential conclusory allegation and offers no information with which the Court could use in any of the state actor tests.

*Bivens* also does not apply in this case because the Supreme Court has held that *Bivens* may not be extended "to confer a right of action for damages against private entities acting under color of federal law." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). Plaintiffs claim that Atlas Air acted in concert with the federal government "to achieve the Biden Administration's goal of achieving universal vaccination and to acquire said Plaintiffs' personal, genetic

information." SAC ¶¶ 132–134.  Setting aside the argument that tampering with DNA constitutes an invasion of an individual's Fourth Amendment rights (for which Plaintiffs provide no legal support), Plaintiffs' claim necessarily requests the Court to find Defendants liable for acting under color of federal law, a finding the Supreme Court has clearly rebuked.

Accordingly, the § 1983 and *Bivens* claims against Atlas Air are dismissed.

### 4. Count IV:  Infliction of Emotional Distress and Negligent Infliction of Emotional Distress

Atlas Air contends that Plaintiffs' claims of intentional infliction of emotional distress should be dismissed for multiple reasons:  Atlas Air's alleged behavior does not rise to the requisite level of outrageous and extreme conduct required for an intentional infliction of emotional distress claim, and Plaintiffs have not plausibly alleged intent or severe suffering.  *See* Mot. at 36–37. Atlas Air also moves to dismiss Plaintiffs' claims of negligent infliction of emotional distress because Plaintiffs did not suffer any physical impact nor did any family member witness death or serious injury.  *See id.* at 37–38.  Plaintiffs fail to respond to any of these points in their brief. Thus, these claims are forfeited.  *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ([T]he onus is upon the parties to formulate arguments.").

Accordingly, the infliction of emotional distress claim against Atlas Air is dismissed.

### 5. Count V:  Negligence

In Count V, Plaintiffs assert a negligence claim that is based on the same allegations as Count I.  Specifically, Plaintiffs allege that Atlas Air breached its "standard duty of employer to employee of reasonable care" by publishing Plaintiffs' PHI throughout the company and by forcing Plaintiffs to wear face masks.  SAC ¶¶ 166–168.  The Court concludes that these allegations fail to state a claim for the same reasons as the invasion of privacy claim.  Even if Plaintiffs could

adequately allege publication, the Court finds that publication within Atlas Air is not a disclosure to the public at large or a disclosure that is substantially certain to become public knowledge. Nor does the Court find that wearing a face mask would broadcast PHI to others. Regardless, it is well settled under Florida law that "there is no such thing as the 'negligent commission of an 'intentional' tort." *City of Miami v. Sanders*, 672 So. 2d 46, 48 (Fla. 3d DCA 1996).

Accordingly, the negligence claim against Atlas Air is dismissed.

**CONCLUSION**

UPON CONSIDERATION of the Second Amended Complaint (ECF No. 63), the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Motion to Dismiss (ECF No. 66) is GRANTED. The Second Amended Complaint (ECF No. 63) is DISMISSED WITHOUT PREJUDICE. Plaintiffs may amend their Complaint to address the aforementioned deficiencies by October 11, 2023.

DONE AND ORDERED in Chambers at Miami, Florida, this *20th* day of September, 2023.

                                                                    K. MICHAEL MOORE
                                                                    UNITED STATES DISTRICT JUDGE

c:  All counsel of record