**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **THOMAS ANDERSON,** | |
| Plaintiff, | |
| v. | No. 23-cv-00989 |
| **UNITED AIRLINES, INC.,** | Judge Matthew F. Kennelly |
| Defendant. | |

## UNITED AND ALPA'S MEMORANDUM IN SUPPORT OF THEIR
## MOTION TO REASSIGN RELATED CASES PURSUANT TO LOCAL RULE 40.4

Pursuant to Local Rule 40.4, Defendants United Airlines, Inc. ("United") and Air Line Pilots Association, International ("ALPA") (collectively "Defendants") jointly request that *Hassett v. United Airlines, Inc.*, No. 23-cv-14592[1]; *Engstrom, Shaw v. United Airlines, Inc., and Air Line Pilots Association, International*, No. 23-cv-15792; and *Oka v. United Airlines, Inc. and Air Line Pilots Association, International*, No. 23-cv-15793 be reassigned to the calendar of the judge where the lowest numbered related case, *Ellis v. United Airlines, Inc.*, No. 23-cv-123 (now dismissed), was filed, and where the next two lowest numbered related cases, *Anderson, et al. v. United Airlines, Inc., et al.*, No. 23-cv-989 and *Wickstrom, et al. v. Air Line Pilots Association, International*,[2] No. 23-cv-2631, are pending.

## I.    INTRODUCTION

Six cases involving challenges to United's COVID-19 vaccine policies and procedures, and ALPA's responses to them, are now (or were) pending in this Court. *See Ellis v. United*, No.

---

[1] Because ALPA is not a defendant in *Hassett*, the request to transfer *Hassett* is made solely by United.

[2] United is not a party to *Wickstrom*, but as explained below, the case involves issues that overlap with *Hassett*, *Engstrom*, *Oka*, *Anderson*, and *Ellis*.

23-cv-123 (alleging discrimination under the Americans with Disabilities Act by United); *Anderson, et al. v. United, et al.*, No. 23-cv-989 (various claims against United challenging its COVID-19 vaccine policy, including, *inter alia*, failure to accommodate under Title VII, invasion of privacy, negligence, and the Genetic Information Non-Discrimination Act); *Wickstrom, et al. v. ALPA*, No. 23-cv-2631 (alleging breach of duty of fair representation against ALPA); *Hassett v. United*, No. 23-cv-14592 (alleging discrimination by United under ADA, Title VII, and the Arizona Civil Rights Act); *Engstrom, Shaw v. United, ALPA*, No. 23:-cv-15792 (alleging: (1) discrimination against United under the Florida Civil Rights Act ("FCRA") for disability and religious discrimination, failure to accommodate, and retaliation; (2) discrimination, retaliation, and failure to accommodate by ALPA in violation of Title VII, the Americans with Disability Act, and the FCRA, as well as intentional infliction of emotional distress and civil conspiracy under Florida law); *Oka v. United, ALPA*, No. 23-cv-15793 (alleging discrimination against United and ALPA under Title VII and the Kentucky Civil Rights Act and breach of the duty of fair representation against ALPA) (collectively the "Cases").[3]

Several of these matters were transferred here from the courts where they were filed, with the transferring courts noting that *Oka*, *Engstrom*, and *Hassett* are related to *Wickstrom*, *Anderson*, and *Ellis*. (Exhibit G, *Engstrom*, Transfer Order, Dkt. 53, p. 7; Exhibit H, *Hassett*, Transfer Order, Dkt. 34, p. 4; Exhibit I, *Oka*, Transfer Order, Dkt. 22, Motion to Transfer, Dkt. 21, at pp. 1-2).

Pursuant to Local Rule 40.4, Defendants respectfully request that the Court transfer *Oka*, *Engstrom*, and *Hassett* to the calendar where the lowest numbered case, *Ellis*, was filed, and where *Anderson* and *Wickstrom* are pending. The Cases pending in this Court are related within the meaning of Local Rule 40.4(a), and they also satisfy the criteria of Local Rule 40.4(b), as the

---

[3] Copies of each complaint are attached in ascending numerical order as Exhibits A through F.

handling of all of the cases by the same judge is likely to result in a substantial saving of judicial time and effort, the earlier cases have not progressed to a point where designating a later filed case as related would delay the proceedings, and the cases are susceptible of disposition in a single proceeding. *See* L.R. 40.4; *Fairbanks Capital Corp. v. Jenkins*, 2002 WL 31655277, at *2 (N.D. Ill. Sept. 28, 2004).

## II.     BACKGROUND

As set forth below, the Cases involve common legal and factual issues and arise from common occurrences related to United's COVID-19 vaccine policy.

### A.     The Cases That Should Be Transferred.

The plaintiffs in *Engstrom* are active pilots employed by United and are members of the pilots' union, ALPA. Captains Engstrom and Shaw assert claims of discrimination and retaliation related to United's application of its COVID-19 vaccination policies. United approved their accommodation requests and provided them with temporary unpaid leave and the opportunity to be placed in non-customer facing roles. United also returned both plaintiffs to full-time status as pilots within months. Nevertheless, they allege violations of the Florida Civil Rights Act for disability and religious discrimination, failure to accommodate, and retaliation because they requested exemptions from being required to obtain the COVID vaccine (Counts I-VI). Captains Engstrom and Shaw also allege Intentional Infliction of Emotional Distress (Count XVIII), and Civil Conspiracy. In addition, the plaintiffs sued ALPA, asserting similar state-law claims, as well as Title VII claims, related to its responses to United's vaccine mandate and related policies (Counts VII-XIX).

The plaintiff in *Oka* is an active pilot for United and an ALPA member who requested and was granted a religious exemption from United's COVID-19 vaccine policy. As to United, he

nevertheless alleges that the COVID-19 vaccine policies and procedures violated Title VII and the Kentucky Civil Rights Act ("KCRA") because, under the policy, he was placed on temporary unpaid leave and offered non-customer facing jobs in November 2021 before being returned to flight-authorized status within months. In addition, plaintiff alleges that ALPA's responses to United's vaccine mandate and related policies (as well as its conduct with respect to a separate, earlier letter of agreement with United) violated Title VII, the KCRA, and the duty of fair representation.

The plaintiff in *Hassett* is currently employed by United as a Boeing 737 Captain. He alleges claims of discrimination and retaliation related to United's application of its COVID-19 vaccination policies. As with the plaintiffs in *Oka* and *Engstrom*, United approved Hassett's accommodation request and provided him with temporary unpaid leave and the opportunity to be placed in non-customer facing roles. United also returned Hassett to full-time status as a pilot just months later. Nevertheless, Hassett alleges violations of the ADA, Title VII, and the Arizona Civil Rights Act.

**B.    The Cases In The Requested Calendar Destination**

The plaintiff in *Ellis* was a Boeing 737 Captain formerly employed by United who chose to remain unvaccinated without requesting an exemption. Because he was not vaccinated by the deadline, he was terminated for failure to comply with United's mandatory, and universally applicable, COVID-19 vaccination policy. Ellis alleged violations of the ADA under two separate theories of liability. The Court dismissed this case for failure to state a claim, and Ellis has filed an appeal.

In *Anderson*, thirty United employees individually assert Title VII religious accommodation claims against United and numerous current and former United employees and

board members as part of a non-class, multi-plaintiff action. The employees likewise alleged they "all submitted, or attempted to submit requests for religious accommodation that would have allowed them to continue working at United without receiving coronavirus vaccinations" and they objected to "being 'terminated in place' by being placed into an unpaid medical leave or unpaid leave of absence. *Anderson* is pending in this district at the pleading stage.

Finally, in *Wickstrom*, nine United pilots allege that ALPA breached its duty of fair representation in its responses to United's vaccine mandate. The complaint was dismissed, and the Court presently is considering plaintiffs' motion for leave to file an amended complaint.

## III. ARGUMENT

### A. The Cases Are Related Within The Meaning Of Local Rule 40.4(a)

The Cases are related within the meaning of Local Rule 40.4(a) because they involve some of the same issues of fact and law and they arise from the same transaction or occurrence. L.R. 40.4(a).

The claims in the Cases relate to the same transactions and occurrences – the development and implementation of United's policy requiring employees to obtain the COVID-19 vaccine by September 27, 2021, United's decision to grant medical and religious exemptions to its vaccine requirement and to offer these unvaccinated employees certain accommodations, and ALPA's responses to those events (except *Hassett*). Thus, the Cases are related within the meaning of Local Rule 40.4(a). *See* L.R. 40.4(a); *Peery v. Chicago Housing Authority*, No. 13-cv-5819, 2013 WL 5408860, at *1 (N.D. Ill. Sept. 26, 2013) (cases unquestionably related where they all involved the question of the constitutionality of suspicionless drug testing as a condition of residence in government-sponsored housing).

**B.    The Cases Meet The Requirements For Transfer Under Local Rule 40.4(b)**

The Cases meet the required elements for transfer because (1) all of the Cases are pending in the Northern District of Illinois; (2) the handling of all the Cases by the same judge is likely to result in substantial savings of judicial time and effort; (3) none of the earlier filed cases have progressed beyond the pleading stage; and (4) the Cases are susceptible (*i.e.*, possibly capable) of disposition in a single proceeding based on United's affirmative defenses under the ADA and Title VII and for failure to state a claim against ALPA based on similar alleged facts. L.R. 40.4(b)(1)–(4); *Fairbanks*, 2002 WL 31655277, at *2.

With respect to the first and third elements, *Ellis v. United Airlines, Inc.*, No. 23-cv-123 was filed on January 10, 2023 and dismissed with prejudice on October 18, 2023. Ellis appealed the judgment on November 17, 2023. *Anderson* and *Wickstrom* were assigned to the same calendar where *Ellis* was pending and are both in the pleading stage. *See Anderson*, Dkt. No. 38 (taking plaintiffs' motion for leave to file an amended complaint under advisement); *Wickstrom*, Dkt. No. 57 (following briefing, taking plaintiffs' motion for leave to amend under advisement).

With respect to the second element, handling of the Cases by the same judge will result in substantial savings of judicial time and effort. All of the Cases against United involve challenges to United's COVID-19 vaccine-related policies and procedures under Title VII and/or the ADA, and all of the cases against ALPA concern its responses to those same occurrences. Either United or ALPA (or both) are defendants in all the Cases. Given the Northern District of Illinois's heavy case load, it would be most efficient for one judge, as opposed to four, to learn about United's policies and procedures and to rule on the legal issues in the Cases. In addition, many of the witnesses who were involved in the development and implementation of United's COVID-19 vaccine-related policies and procedures and ALPA's responses will be the same in the Cases.

*Wickstrom*, Dkt. 19, Motion to Transfer, at 5-8; *Hassett*, Dkt. 28, Motion to Transfer, at p. 12; *Oka*, Dkt. 19, at p. 15; *Engstrom*, Dkt. 35, ALPA's Motion to Transfer, at 16 to 17). Thus, the same judge will have familiarity regarding each witness's relevance to the issues and will be able to more efficiently resolve potential issues arising out of their depositions and testimony, including, for example, disputes regarding the scope of Rule 30(b)(6) topics or admissibility of their testimony. Finally, if the cases remain before four separate judges, there is a risk of inconsistent rulings on the law. Because the same judge already dismissed *Ellis* with prejudice on October 18, 2023, and is currently considering dispositive motions in *Wickstrom* and *Anderson*, judicial determination on the pleadings of *Hassett*, *Oka*, and *Engstrom*, which also involve Title VII and ADA claims, will be more efficiently reached by the judge who is already familiar with the common questions of law and fact involved.

With respect to the fourth element, United's affirmative defense that permitting the pilots who received exemptions from the COVID-19 vaccination requirement to fly during the critical months of an evolving global pandemic constituted an undue burden will defeat the plaintiffs' claims in all Cases. *See Fairbanks*, 2002 WL 31655277, at *2 (transferring – but expressly not consolidating – cases capable of disposition based on the same affirmative defense). Thus, here, as in *Fairbanks*, the Cases with respect to United are capable of disposition based on the same affirmative defense – that the plaintiffs sought to impose an undue burden during a rapidly evolving global pandemic by demanding to remain unvaccinated but still fly planes nationally and, in some cases, internationally in direct contravention of CDC guidance and laws imposed by other countries. That same affirmative defense would defeat the claims against ALPA because, if United's accommodations were reasonable, plaintiffs would not have been entitled to a different accommodation regardless of ALPA's actions.

7

The fact that the Cases involve different plaintiffs who have alleged particularized facts to support their individual claims as to their accommodation requests and damages, demonstrates that the Cases should not be consolidated or tried as a class, but it does not defeat transfer. *See id.* at *3 ("reassignment of cases as related does not inexorably lead to their consolidation for all purposes"). In *Fairbanks*, the court noted that although the same affirmative defense could be dispositive of – and would need to be considered in – all of the cases, that did not mean the cases should be consolidated for all purposes. In fact, the *Fairbanks* court explained that, because the affirmative defense would have to be considered in all cases, determination of that issue by the same judge would not delay consideration of the distinct individual issues. Similarly, here, the fact that the Cases (except *Wickstrom*) will involve an individualized review of each plaintiff's religious or medical exemption request, and a further particularized review of the reasonable accommodation process and damages in each instance, does not impact the propriety of the transfer, as the cases could be considered together for purposes of pretrial proceedings and discovery while still allowing for individualized consideration of the matters specific to each plaintiff. With respect to the claims against ALPA, there are even fewer individualized pertinent facts, as the claims involve ALPA's responses to United's vaccine mandate and accommodation process and not individualized review of plaintiffs' accommodation requests.

Therefore, the Cases meet the required elements under Local Rule 40.4, and *Hassett*, *Oka*, and *Engstrom* should be transferred to the calendar where the lowest numbered related case, *Ellis*, was filed, and where *Anderson* and *Wickstrom* remain pending.

## IV. CONCLUSION

WHEREFORE Defendants United Airlines, Inc. and Air Line Pilots Association, International respectfully request that *Oka*, *Engstrom,* and *Hassett*[4] be transferred to the calendar where the lowest numbered related case was filed.

Respectfully submitted,

UNITED AIRLINES, INC.


By: */s/ Angela R. Huisingh*
One of United's Attorneys


Shanthi V. Gaur, Bar No. 06224996
sgaur@littler.com
Angela R. Huisingh, Bar No. 6319257
ahuisingh@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street
Suite 1100
Chicago, IL 60654
Telephone:     312.372.5520
Facsimile:     312.372.7880


AIR LINE PILOTS ASSOCIATION,
INTERNATIONAL

By: */s/ Rami N. Fakhouri*
Rami N. Fakhouri
Caleb A. Kennedy
GOLDMAN ISMAIL TOMASELLI
  BRENNAN & BAUM LLP
200 South Wacker Drive
22nd Floor
Chicago, IL 60606
Tel.: (312) 681-6000
Fax: (312) 881-5191
rfakhouri@goldmanismail.com

James K. Lobsenz (*pro hac vice*)
Joshua J. Ellison (*pro hac vice*)
AIR LINE PILOTS ASSOCIATION,
  INTERNATIONAL
Legal Department
7950 Jones Branch Drive, Suite 400S
McLean, VA 22102
Tel.: (703) 481-2423
Fax: (703) 481-2478
*Jim.Lobsenz@alpa.org*

---

[4] Because ALPA is not a defendant in *Hassett*, the request to transfer *Hassett* is made solely by United.

9

*Joshua.Ellison@alpa.org*                    *ckennedy@goldmanismail.com*

*Attorneys for Defendant Air Line Pilots Association, International*

Dated:  December 4, 2023

## <u>CERTIFICATE OF SERVICE</u>

Angela R. Huisingh, an attorney, hereby certifies that on December 4, 2023, she caused a copy of the foregoing ***ALPA and United's Memorandum in Support of Their Motion to Reassign Related Cases*** to be electronically filed with the Clerk of the Court, using the court's CM/ECF system, and by causing same to be served electronically to all counsel listed below:

> John M. Pierce
> John Pierce Law, P.C.
> 21550 Oxnard Street, 3rd Floor PMB 172
> Woodland Hills, CA 91367
> jpierce@johnpiercelaw.com
> *Attorneys for the Plaintiffs in Anderson*
>
> Kevin F. O'Connor
> O'Connor | O'Connor, P.C.
> 110 E. Schiller Street, Suite 212
> Elmhurst, IL 60126
> kevin@oconnor-oconnor.com
> *Attorneys for the Plaintiffs in Anderson*
>
> Joshua W. Carden
> Carden Livesay, Ltd.
> 419 East Juanita Avenue
> Suite 103
> Mesa, AZ 85204
> joshua@cardenlivesay.com
> *Attorneys for Plaintiff Hassett*
>
> Taylor J. Ferguson
> Biesecker Dutkanych & Macer, LLC
> 144 N. Delaware Street
> Indianapolis, IN 46204
> tferguson@bdlegal.com
> *Attorneys for Plaintiff Oka*
>
> Robert E. Barnes (Pro Hac Vice pending)
> Lexis Anderson (Pro Hac Vice pending)
> Barnes Law
> 700 South Flower Street, Suite 1000
> Los Angeles, CA 90017
> robertbarnes@barneslawllp.com

lexisanderson@barneslawllp.com
*Attorneys for Plaintiff Oka*

Nathan McCoy
Molly Mullen
Wilson McCoy, P.A.
100 E. Sybelia Avenue, Suite 205
Maitland, FL 32751
nmccoy@wilsonmccoylaw.com
mmullen@wilsonmccoylaw.com
*Attorneys for Plaintiffs Engstrom and Shaw*

| | |
|---|---|
| James K. Lobsenz (*pro hac vice*) | Rami N. Fakhouri |
| Joshua J. Ellison (*pro hac vice*) | Caleb A. Kennedy |
| AIR LINE PILOTS ASSOCIATION, INTERNATIONAL | GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP |
| Legal Department | 200 South Wacker Drive |
| 7950 Jones Branch Drive, Suite 400S | 22nd Floor |
| McLean, VA 22102 | Chicago, IL 60606 |
| Tel.: (703) 481-2423 | Tel.: (312) 681-6000 |
| Fax: (703) 481-2478 | Fax: (312) 881-5191 |
| *Jim.Lobsenz@alpa.org* | *rfakhouri@goldmanismail.com* |
| *Joshua.Ellison@alpa.org* | *ckennedy@goldmanismail.com* |

*Attorneys for Defendant Air Line Pilots Association, International*

 _/s/ Angela R. Huisingh_
Angela R. Huisingh