# EXHIBIT A

**First Amended Complaint in Ellis v. United Airlines, Inc.
23-cv-123**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOHN ELLIS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 23-cv-00123 |
| v. ) | |
| ) | *Jury Trial Demanded* |
| **UNITED AIRLINES,** ) | |
| ) | *Attorney Lien Claimed* |
| Defendant. ) | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 15(a)(1)(B), Plaintiff John Ellis submits this First Amended Complaint, in response to Defendant United Airlines' ("United") Motion to Dismiss (ECF 18, 19). For his complaint, Plaintiff states as follows upon personal knowledge as to those matters pertaining to him individually and upon information and belief as to the remaining allegations:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 in that it arises under the laws of the United States and Acts of Congress regulating commerce, specifically the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq., as amended.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims arose in this district and Defendant's headquarters is this district.

### PARTIES

3. Plaintiff Ellis is a citizen and resident of the state of Wisconsin and county of Waukesha.

4. Defendant United Airlines ("United"), is an airline company with more than 52,000 employees, headquartered in Chicago, Illinois, and doing business throughout the world.

5. Defendant United, at all times relevant to the claims alleged herein, upon information and belief, was and is an employer affecting commerce that employed fifteen (15) or more employees for each working day during the time period in which Plaintiff was employed by Defendant, as well as for twenty (20) or more calendar weeks preceding Plaintiff's employment with Defendant. *See* 42 U.S.C. § 12111(5)(A).

6. Due to the foregoing, this Court has jurisdiction over the parties and subject matter.

**PLAINTIFF'S STATEMENT OF FACTS**

7. Plaintiff John Ellis realleges and incorporates by reference paragraphs 1 through 6 above as if fully set forth herein.

8. At all times relevant to the claims alleged herein, Plaintiff was an employee of Defendant United. *See* 42 U.S.C. § 12111(4).

9. During his career, Ellis was a first officer on the Boeing 737, 757, and 767 aircraft, and a Boeing 737 captain.

10. Upon information and belief, United Airlines management began contemplating mandating COVID vaccination for all of its pilots in January 2021.

11. In May 2021, United and the Airline Pilots Association ("ALPA") implemented a program designed to penalize unvaccinated pilots by restricting their ability to fly into certain designated destinations.[1]

---

[1] Plaintiff is concurrently a party to a case against ALPA for its failure to challenge Defendant's vaccine mandate. *See Wickstrom et al. v. ALPA Int'l*, No. 3:22-cv-00315 (W.D. Tex).

12. On or about August 6, 2021, United notified its workforce, including Plaintiff, that its members would have to be fully vaccinated against COVID-19 no later than September 27, 2021.

13. As part of this mandatory vaccination program, United began requiring pilots, including Plaintiff, to disclose to it the pilot's COVID vaccination status.

14. Plaintiff exercised his right to not disclose his vaccination status, and as a result, was regarded as unvaccinated by United.

15. Notwithstanding its concerns about its pilots' COVID status, United made no inquiries regarding whether any of its pilots had previously been infected with COVID-19.

16. In conjunction with its mandatory vaccination program, United began to discriminate against the unvaccinated pilots in its workforce by immediately placing them on leave and refusing to allow them to fly or otherwise perform the essential functions of their positions.

17. Accordingly, United regarded the pilots who were either unvaccinated, or whose vaccination status was unknown, as disabled, i.e., unable to perform the essential functions of their positions, with or without accommodation.

18. United also allowed, and even encouraged, vaccinated air crew members to disparage coworkers who were unvaccinated, or believed to be unvaccinated, thereby evincing its intent to regard those in the disfavored class of employees as disabled.

19. Plaintiff, along with other unvaccinated coworkers, was harassed and ridiculed by United management and, with the approval of United management, by other airline employees as being selfish, ignorant, and a threat to his coworkers and United passengers.

20. Plaintiff was also required to wear a special mask that marked him as unvaccinated, i.e., a workplace threat, whenever he personally interacted with other members of United's workforce.

21. United never engaged in any substantive actions to determine if Plaintiff individually constituted a direct threat to his co-workers.

22. United terminated Plaintiff's employment on November 1, 2021.

23. Plaintiff submitted an initial inquiry alleging discrimination on the bases of disability and religion as perpetrated by Defendant to the Milwaukee Area Office for the Equal Employment Opportunity Commission ("EEOC") on or about May 30, 2022 as a pro se complainant/charging party, 210 days from the date of discrimination that is at issue in this matter.

24. The EEOC did not schedule an initial appointment with Plaintiff until September 6, 2022.

25. As a result of EEOC's actions pertaining to the drafting and presentation of the Charge of Discrimination, Plaintiff's executed Charge of Discrimination was submitted to the EEOC on October 5, 2022, under Charge Number 440-2022-06056.

26. EEOC issued its "Dismissal or Notice of Rights," i.e., "Right to Sue Letter," on October 11, 2022, six days after Plaintiff returned the executed Charge of Discrimination to EEOC.[2]

---

[2] 42 U.S.C. § 2000e-5(1)(e) provides that "notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice*) shall be served upon the person against whom such charge is made within ten days thereafter*." (Emphasis added). Given the time frame described herein, it is doubtful that EEOC complied with this provision of the statute, in that it issued a Right to Sue Letter before the date it was legally mandated to provide notice of the Charge to Defendant, which also implies that EEOC conducted no investigation pertaining to Plaintiff's allegations of discrimination.

27. Further, the Right to Sue Letter was not accompanied by a "Pre-Determination Letter," a correspondence routinely issued by EEOC when the agency, upon completion of tis investigation, makes a finding of insufficient evidence to show a violation of the applicable statute.

28. The Right to Sue Letter does not assert that Plaintiff's submission of his complaint to EEOC was untimely (EEOC Form 161 contains a specific box that states: "Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge"—this box was not checked on Plaintiff's Right to Sue Letter).

29. Moreover, in addressing Plaintiff's attempt to amend the Charge of Discrimination, the EEOC investigator assigned to Plaintiff's matter asserted that the desired amending language was unnecessary in that the fact that Plaintiff's "Charge references the ADA is sufficient to provide notice to the employer for any claims encompassed by the statute, including 'regarded as disabled' discrimination, failure to accommodate a disability, and retaliation," and that "in this district a charge that references a particular statute is sufficient to provide notice to the employer for all claims that might be brought under the statute." [3]

30. Accordingly, Plaintiff's complaint of discrimination was submitted to EEOC within 300 days of the date of his termination.

31. Plaintiff's original Complaint (ECF 1, filed on January 9, 2023) was filed within 90 days of the issuance of the Right to Sue Letter and was therefore timely filed.

## COUNT I

---

[3] In the exchange described in this paragraph, Plaintiff, by and through counsel he had retained contemporaneous with returning the Charge of Discrimination (with his signature affixed) to EEOC, noted that Plaintiff sought to amend the Charge via the EEOC Portal on October 5, 2022, but was unable to accomplish that objective. As noted *supra*, EEOC unexpectedly issued the Right to Sue within six days of receiving the signed Charge. The assertions on the part of the EEOC investigator contained in this paragraph were contained in an email exchange on October 26, 2022 that followed a letter from Plaintiff's counsel to the investigator on October 13, 2022, a letter that detailed Plaintiff's attempts to amend the Charge *before* October 11, 2022.

**Violation of the Americans with Disabilities Act (As Amended)**
**42 U.S.C. § 12112(d)(4)(A)**

32. Plaintiff John Ellis realleges and incorporates by reference paragraphs 7 through 31 above as if fully set forth herein.

33. United's demand for Plaintiff's vaccination information as a condition of continuing employment violates the prohibition against unjustified medical examinations and inquiries as provided under the Americans with Disabilities Act (As Amended) ("ADAAA").

34. Plaintiff's employment with United was terminated in part or in whole because he refused to provide his vaccination status to United.

35. Accordingly, Plaintiff is entitled to all damages arising from his unlawful termination, including reinstatement, back pay, health insurance, accumulated leave, and any other benefits to which he would have been entitled absent his termination.

### COUNT II

**Violation of the Americans with Disabilities Act (As Amended)**
**42 U.S.C. § 12102(3)**

36. Plaintiff John Ellis realleges and incorporates by reference paragraphs 7 through 34 above as if fully set forth herein.

37. Both prior to and after announcing its vaccine mandate, United discriminated against Plaintiff because it regarded him as having a disability, i.e., being contagious with COVID-19 or about to become so.

38. United prohibited Plaintiff from performing all essential functions of his position, placed him on furlough, restricted his contact with coworkers, and ultimately terminated him based on its perception that he was contaminated with COVID-19, i.e., disqualified from his position on the basis of a disability.

39. Accordingly, Plaintiff is entitled to all damages arising from United's conduct, including reinstatement, back pay, health insurance, accumulated leave, and any other benefits to which he would have been entitled absent United's discrimination.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Award Plaintiff compensatory and punitive damages in an amount to be determined, including pre- and post-judgment interest;

B. Award Plaintiff his reasonable attorney fees and costs of the suit; and

C. Grant such other and further relief as is just and proper under the circumstances.

Dated: May 4, 2023                    Respectfully submitted,

*s/ Daniel K. Cetina*
Daniel K. Cetina (Illinois SBN: 6320423)
Walsh, Knippen & Cetina, Chartered
2150 Manchester Road, Suite 200
Wheaton, IL 60187
Telephone: (630) 462-1980
Facsimile: (630)-462-1984
dan@wkc-lawyers.com

*s/ John J. Michels, Jr.*
John J. Michels, Jr. (Illinois SBN: 6278877)
Federal Practice Group
1750 K Street N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Facsimile: (888) 899-6053
lmichels@fedpractice.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing First Amended Complaint by using the CM/ECF system on May 3, 2023.

*s/ Daniel K. Cetina*
Daniel K. Cetina