IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Thomas Anderson, et al., <br><br> Plaintiff, <br><br> v. <br><br> Scott Kirby, et al., <br><br> Defendant. | Case No. 1:23-cv-00989 <br> Honorable Matthew F. Kennelly |

## JOHN HASSETT'S OBJECTION TO FINDING OF RELATEDNESS

John Hassett, Plaintiff in *Hassett v. United Airlines,* No. 1:23-cv-14592, pending before Judge Maldonado's division, pursuant to Dkt. 41, hereby objects to a finding of relatedness under Local Rule 40.4 with the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction

United Airlines and the Air Line Pilots Association ("United" and "ALPA") have asserted that three of the pending vaccine accommodation/discrimination cases are sufficiently related to this matter to drop all of them onto the docket of this Court. Mr. Hassett takes no position on the other cases, but asserts that the uniqueness of his own case takes it out of the Local Rule 40.4 "relatedness" ambit.

Intriguingly, United asserts that the "heavy case load" of this Court overall justifies reassignment of Hassett's case to Judge Kennelly (Dkt. 40 at 6). United should be estopped from making this argument because it touted the overall efficiency of this Court <u>as a whole</u> as a primary justification for transferring venue away from Texas to this Court in the first place. (CV23-14592, Dkt. 28 at pdf *21-22). United apparently believes that saddling just one judge of this Court with multiple class actions (though *Hassett* is not), multiple Defendants (again not in *Hassett*) wide-ranging state law issues, and diverse fact patterns will lead to speedier resolutions of all the cases, despite the fact that no motion for consolidation has been filed.

1

## II. Hassett's Case Does Not Meet Most of Local Rule 40.4(a)

"A party seeking to reassign a case on the basis of relatedness must satisfy the requirements of both Local Rule 40.4(a) and 40.4(b)." *KJ v. Cook Cnty. Sch. Dist. 104*, Case No. 15 C 8551 at *4 (N.D. Ill. Jan 19, 2016)(quoting *Williams v. Walsh Const.*, No. 05 C 6807, 2007 WL 178309, at *1 (N.D. Ill. Jan. 16, 2007)). It is moving party's burden to establish commonality. *Id.* Such a finding and reassignment are within the Court's discretion. *Clark v. Ins. Car Rentals*, 42 F.Supp.2d 846, 847 (N.D. Ill. 1999).

Mr. Hassett's case solely meets subsection (2) of Local Rule 40.4(a), "some of the same issues of fact or law." It is true that Title VII is a common legal issue among the movant's listed cases, and United's vaccine mandate is a common fact among the cases. However, the commonality ends there, as Hassett's case (alone) involves the Arizona Civil Rights Act, and an individualized request denied for a medical accommodation based on a provided titer test showing COVID-19 antibodies. And Hassett's case does not involve ALPA. Furthermore, United implies (inaccurately) that a "common" fact to all the cases was the offering of non-customer facing roles; that Mr. Hassett was offered non-customer facing roles that he could have accepted and chose not to. In reality, in Mr. Hassett's case, none of those roles were offered near the airport where he lived in Arizona, and he could not fly to his "hub" in Houston to even take on those roles without being vaccinated or paying for the flights to commute. (CV23-14592, Dkt. 6 at 4 ¶¶ 34-35).

As to the rest of the 40.4(a) factors, *Hassett* does not involve "property" at all (LR 40.4(a)(1). *Hassett* does not involve the "same transaction or occurrence" ((a)(3)), in that he was presumably <u>individually</u> placed on unpaid leave in response to the denial of his <u>individual</u> medical and religious accommodation requests. And *Hassett* is not a class action. ((a)(4)).

## III. Hassett's Case Does Not Substantially Meet Local Rule 40.4(b) factors

Mr. Hassett concedes the applicability of 40.4(b)(1). United does not adequately demonstrate relatedness under Local Rule 40.4(b)(2), (3) or (4) – all of which are required.

**A. Subsection (2) – <u>substantial</u> saving of judicial time and effort.**

Local Rule 40.4(b) imposes "more stringent criteria for the case to qualify for reassignment." *KJ*, Case No. 15 C 8551 at *4 (quoting *Williams*, 2007 WL 178309, at *2). By its

text, all of the LR40.4(b) factors must be met in order to justify a finding of relatedness.

United's justification under subsection (2) is limited to the overall Court's "heavy case load" and the "United vaccine-related policies and procedures" and the "legal issues" in the other cases. (Dkt. 40 at 6). This is not sufficient specificity to create relatedness. While it is true that United's policy is a common issue, this Court is already United's home turf and presumably all the Court's judges might need some familiarity with United at some point. Put another way, it will not <u>automatically</u> create a savings of judicial time and effort to have only one judge familiar with United or its policies. Furthermore, United has not explained why its policy of requiring COVID-19 vaccinations is sufficiently unique (or complicated) that it would justify having all challenges to that policy heard by a single judge of this Court. One might as well argue on that basis that <u>all</u> vaccine mandate challenges to <u>any</u> company be considered "related" and be heard by a single judge. This does not appear to be the point of Local Rules 40.4(b). The same argument goes for United's reference to "case law." Each judge of this Court presumably has access to the legal rulings of the other judges and their application of precedent as persuasive authority; and all federal courts must follow binding precedent, such as the Supreme Court's recent ruling in *Groff v. DeJoy*. And the possibility of "inconsistent rulings" inheres in Title VII or ADA accommodation cases even with a common policy because such a request requires an <u>individualized</u> inquiry. *See, e.g.*, EEOC, "Best Practices for Eradicating Religious Discrimination in the Workplace," <u>https://www.eeoc.gov/laws/guidance/best-practices-eradicating-religious-discrimination-workplace</u> (last visited December 19, 2023) ("Employers should <u>individually</u> assess each request and avoid assumptions or stereotypes about what constitutes a religious belief or practice or what type of accommodation is appropriate."(emphasis added)). To justify "relatedness," United appears to be suggesting that it did <u>not</u> engage in an individualized inquiry for individuals requesting , and instead applied a blanket rejection to all such requests – which is dangerously close to a judicial admission that both Title VII and the ADA have been violated as to Mr. Hassett. Regardless, United has not explained to this Court why John Hassett's religious and medical accommodation requests were identical or substantially similar to the requests in the other identified cases to the sufficient degree that appears to be required by Local Rule 40.4(c).

### B. Subsections (3) & (4) – delaying the progression of the earlier case (this case) related to a "single proceeding" disposition.

A review of the docket sheet in *Anderson* indicates that the Court has already dismissed the original complaint, denied the filing of a previous amended complaint (the offer of which was construed as a motion to amend), and has stated that any amended filing must contain a claim over which this Court even has jurisdiction. (Dkt. 30 at *20.). While the Plaintiffs have appeared to have filed a new amended complaint (Dkt. 31), it would also appear that all the briefing has previously been done in this case as to the facts in *Anderson*, and is likely to be largely rehashed subject to any genuinely new factual or legal allegations.

So, if the *Anderson* case is indeed already its last legs, an assignment of multiple additional class actions and *Hassett* as "related" would absolutely cause a "delay" in the proceedings of a "single proceeding" disposition of *Anderson* <u>along with</u> the other purportedly related cases as contemplated by subsection (4). Additionally, United's motion to dismiss Hassett's complaint is already pending in front of Judge Maldonado. All that remains is United's optional reply brief, due by January 8, 2024. (CV23-14592, Dkt. 46). Assuming (with the undersigned's eternal optimism) that any claim survives the Rule 12 motion to dismiss stage in *Hassett* or that Hassett is able to amend to correct any defects identified Judge Maldonado, the *Hassett* case will immediately be further along than *Anderson* is at present, again delaying the resolution of *Anderson* in a "single proceeding" as contemplated by subsection (4).

### IV. Conclusion

For the foregoing reasons, Mr. Hassett submits that United has failed to meet all of the Local Rule 40.4 factors for a finding of relatedness, because United has not demonstrated that *Hassett* is substantially more related to *Anderson* than unique in its own right. The undersigned hastens to add that, had Mr. Hassett's case been initially assigned to Judge Kennelly upon the venue transfer from Texas, there would be no objection to having Judge Kennelly hear the assigned case. Put another way, Mr. Hassett's objection is not at all to Judge Kennelly, it is purely to the finding of "relatedness" as United has not met the required legal test under LR40.4 of demonstrating same. Thus, the Motion should be denied as to *Hassett*.

Respectfully submitted this 19th day of December, 2023,

> By: /s/Joshua W. Carden
> Joshua W. Carden, AZBN 24050379 (admitted PHV)[1]
> CARDEN LIVESAY, LTD.
> 419 East Juanita Avenue, Suite 103
> Mesa, AZ 85204
> joshua@cardenlivesay.com
> (480) 345-9500
> (480) 345-6559 (Fax)
> *Attorney for Plaintiff John Hassett*

---

[1] Mr. Carden is filing this Objection in response to the Court's Order permitting same in this matter, and respectfully requests that the Court recognize his existing admission pro hac vice in *Hassett* to extend to the limited purpose of this filing.