IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **THOMAS ANDERSON,** Plaintiff, v. **UNITED AIRLINES, INC.,** Defendant. | No. 23-cv-00989 Judge Matthew F. Kennelly |

**JOINT AGREED MOTION TO REASSIGN RELATED CASE
PURSUANT TO LOCAL RULE 40.4**

Pursuant to Local Rule 40.4, Plaintiff Susanne Caraffa ("Plaintiff") and Defendant United Airlines, Inc. ("United" or "Defendant") request that this matter be reassigned to the calendar of the judge where the lowest numbered related case, *Ellis v. United Airlines, Inc.*, No. 23-cv-123 (now dismissed), was filed, and where the five related cases, *Anderson, et al. v. United Airlines, Inc., et al.*, No. 23-cv-989, *Wickstrom, et al. v. Air Line Pilots Association, International*, No. 23-cv-2631, *Hassett v. United Airlines, Inc.*, No. 23-cv-14592, *Engstrom, Shaw v. United Airlines, Inc., and Air Line Pilots Association, International*, No. 23-cv-15792, and *Oka v. United Airlines, Inc. and Air Line Pilots Association, International*, No. 23-cv-15793, are pending. In support of their Joint Agreed Motion to Reassign Related Case, the Parties state as follows:

1. Plaintiff Susanne Caraffa ("Plaintiff") is an active United employee. On September 15, 2023, Plaintiff filed her Complaint against United in the United States District Court for the Northern District of Ohio, alleging claims of religious discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and Sections 4112.02(A) and 4112.02(I) of the Ohio Revised Code ("ORC"). [Dkt. 1]. According to Plaintiff, her "case challenges [United's] refusal to grant [her] a reasonable accommodation to [United's] COVID-19

vaccine mandate based upon her religious beliefs and subsequent retaliatory action." [Dkt. 1 at ¶ 6].

2. United filed its Answer and Affirmative Defenses to Plaintiff's Complaint on December 27, 2023. [Dkt. 8].

3. On February 2, 2024, the Parties filed a Joint Agreed Motion to Transfer which requested this action be transferred to the United States District Court for the Northern District of Illinois, Eastern Division. [Dkt. 10]. On February 9, 2024, the Parties' Joint Agreed Motion to Transfer was granted and this action was received by this Court on February 14, 2024. [Dkts. 11-12].

4. Six cases involving challenges to United's COVID-19 vaccine policies and procedures, are now (or were) pending in this Court before Judge Matthew F. Kennelly. *See Ellis v. United*, No. 23-cv-123 (alleging discrimination under the Americans with Disabilities Act by United); *Anderson, et al. v. United, et al.*, No. 23-cv-989 (various claims against United challenging its COVID-19 vaccine policy, including, *inter alia*, failure to accommodate under Title VII, invasion of privacy, negligence, and the Genetic Information Non-Discrimination Act); *Wickstrom, et al. v. ALPA*, No. 23-cv-2631 (alleging breach of duty of fair representation against ALPA); *Hassett v.* United, No. 23-cv-14592 (alleging discrimination by United under ADA, Title VII, and the Arizona Civil Rights Act); *Engstrom, Shaw v. United, ALPA*, No. 23:-cv-15792 (alleging discrimination, failure to accommodate, and retaliation against United based on alleged disability and religious beliefs); *Oka v. United, ALPA*, No. 23-cv-15793 (alleging discrimination, failure to accommodation, and retaliation against United under Title VII) (hereafter, the "Other COVID-19 Vaccine Policy Cases").

5. Per Local Rule 40.4, a copy of the complaint (or the most recently amended version thereof) for all of the Other COVID-19 Vaccine Policy Cases are attached as **Group Exhibit A.**

6. This case is related to the Other COVID-19 Vaccine Policy Cases within the meaning of Local Rule 40.4(a) because they all involve some of the same issues of fact and law and they arise from the same transaction or occurrence. L.R. 40.4(a)(2)-(3).

7. The claims in this case and the Other COVID-19 Vaccine Policy Cases relate to the same transactions and occurrences – the development and implementation of United's policy requiring employees to obtain the COVID-19 vaccine by September 27, 2021 and United's decision to grant exemptions from its vaccine requirement and to offer unvaccinated employees certain accommodations. Thus, this case is related to the Other COVID-19 Vaccine Policy Cases within the meaning of Local Rule 40.4(a). *See* L.R. 40.4(a); *Peery v. Chicago Housing Authority*, No. 13-cv-5819, 2013 WL 5408860, at *1 (N.D. Ill. Sept. 26, 2013) (cases unquestionably related where they all involved the question of the constitutionality of suspicionless drug testing as a condition of residence in government-sponsored housing).

8. This case and the Other COVID-19 Vaccine Policy Cases meet the criteria for reassignment set forth in Local Rule 40.4: (1) all of the cases are pending in the Northern District of Illinois; (2) the handling of all the cases by the same judge is likely to result in substantial savings of judicial time and effort; (3) none of the earlier filed cases have progressed beyond the pleading stage; and (4) the cases are susceptible (*i.e.*, possibly capable) of disposition in a single proceeding. L.R. 40.4(b)(1)–(4).

9. With respect to the first and third elements, *Ellis v. United Airlines, Inc.*, No. 23-cv-123 was filed on January 10, 2023 and dismissed with prejudice on October 18, 2023. Ellis appealed the judgment on November 17, 2023. The Other COVID-19 Vaccine Policy Cases

3

were assigned to the same calendar where *Ellis* was pending and are all in the pleading stage. *See Anderson*, Dkt. 38 (taking plaintiffs' motion for leave to file an amended complaint under advisement); *Wickstrom*, Dkt. 57 (following briefing, taking plaintiffs' motion for leave to amend under advisement); *Hassett* (motion to dismiss is fully briefed as of January 8, 2024 and remains pending); *Engstrom*, Dkt. 69 (setting briefing schedule on motion to dismiss plaintiff's second amended complaint, with final brief due on April 26, 2024); *Oka*, Dkt. 40 (setting briefing schedule on motion to dismiss plaintiff's amended complaint, with final brief due on April 26, 2024).

10. With respect to the second element, handling of this case by the same judge handling the Other COVID-19 Vaccine Policy Cases will result in substantial savings of judicial time and effort. All of these cases against United involve challenges to United's COVID-19 vaccine-related policies and procedures under Title VII and/or the ADA. Given the Northern District of Illinois's heavy case load, it would be most efficient for one judge to learn about United's policies and procedures and to rule on the common questions of law and fact involved.

11. With respect to the fourth element, this case and the Other COVID-19 Vaccine Policy Cases (except *Wickstrom*) are capable of disposition as to United based on the same affirmative defense – United's argument that it **did** reasonably accommodate employees who requested exemption from its COVID-19 vaccine policy when it approved their requests and placed them on a leave of absence. This affirmative defense will be considered in this case and the Other COVID-19 Policy Cases. Thus, determination of this issue by the same judge will not delay consideration of the distinct individual issues that exist in each case. *See Fairbanks Capital Corp. v. Jenkins*, 2002 WL 31655277, at *3 (N.D. Ill. Sept. 28, 2004). Moreover, the evidence regarding United's stated non-discriminatory and non-retaliatory reasons for the actions it took with respect

to these employees will have significant overlap in this case and the Other COVID-19 Vaccine Policy Cases.

12. Therefore, this case meets the required elements under Local Rule 40.4, and this case should be transferred to the calendar of Judge Kennelly, where the lowest numbered related case, *Ellis*, was filed, and where the five Other COVID-19 Vaccine Policy Cases remain pending.

13. On March 4, 2024, the Parties agreed to consent to a reassignment of this matter to the calendar of Judge Kennelly. Per Local Rule 40.4(c), this Motion is being filed with Judge Kennelly.

Respectfully submitted and agreed,

*/s/ David A. Young*
DAVID A. YOUNG (0065551)
The Law Firm of David A. Young, LLC
The Hoyt Block Building
700 W. St. Clair Avenue, Ste. 316
Cleveland, Ohio 44113
PHONE (216) 621-5100
FAX (216) 621-7810
EMAIL: dyoung@davidyounglaw.com
Attorney for Plaintiff

/s/ *Victoria Vanderschaaf*
Shanthi V. Gaur
sgaur@littler.com
Victoria Vanderschaaf
vvanderschaaf@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654
Telephone: 312.372.5520
Facsimile: 312.372.7880
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2024, I caused a true and correct copy of this **Joint Agreed Motion to Reassign Related Case Pursuant to Local Rule 40.4** to be electronically filed with the Clerk of the Court using the electronic filing system. Notice of filing will be performed by the Court's electronic filing system, through which the Parties may access a copy of this filing:

David A. Young (0065551)
The Law Firm of David A. Young, LLC
700 W. St. Clair Avenue
Suite 316
Cleveland, Ohio 44113
dyoung@davidyounglaw.com

                                            _/s/ Victoria Vanderschaaf_
                                                *Counsel for Defendant*